EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellant,

v.

R. Forrest TAYLOR, Zora E. Taylor, Charlie Daugherty and Vera Daugherty, Appellees.

EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellant,

v.

R. Forrest TAYLOR, Zora E. Taylor, Charlie Daugherty and Vera Daugherty, Appellees.

Court of Appeals of Kentucky.

Sept. 3, 1982.

John H. Helmers, James G. Harralson, Holbrook, Gary, Wible & Sullivan, P.S.C., Owensboro, for appellant.

John D. Miller, Miller, Taylor, Burlew & Meyer, David C. Brodie, Owensboro, for appellees.

Before WHITE, HOWERTON and WILHOIT, JJ.

WHITE, Judge.

This appeal is taken from a Summary Judgment entered in the Ohio Circuit Court. The relevant procedural facts are well-known to the parties and will not be repeated.

When shorn of all excess rhetoric, the issue before this Court is whether the Constitutionally mandated *jury* determination of damages (§ 242 Kentucky Constitution) can be waived in favor of a bench resolution, and if so, was such done in the present case. We respond affirmatively to each question.

Appellant forcefully argues that Section 242 is not a right personal to a party but rather is a requirement mandatory upon the Court, the breach of which renders a void judgment. Our research indicates otherwise.

In *Shaw v. Board of Drainage Com'rs. of Daviess County,* 160 Ky. 422, 169 S.W. 859 (1914), Section 242 was central to a determination of the Constitutionality of the 1912 Drainage Act. Although the facts are unrelated to those herein, its conclusion warrants quotation: "... the act does not violate the provisions of section 242 of our Constitution, in that it deprives *any person* of the right of appeal from any preliminary assessment of damages, or the *right* of trial by jury on such appeal." *Shaw* at 863. (Emphasis added.)

■ Likewise, the following year another challenge was levelled against the Drainage Act in which it was again asserted that such "deprives *him* of the *right* to have such damages assessed by a jury." The Court held that the Act "gave ample means and opportunity for anyone interested to have all of *his rights* duly cared for." *Williams v. Wedding,* 165 Ky. 361, 176 S.W. 1176, 1181 (1915). (Emphasis added.) Appellant's position to the contrary, we deem this controlling authority that a § 242 jury trial is a personal right and not a mandate to the Court.

The question now turns to waiver. In *Keck v. Hafley,* Ky., 237 S.W.2d 527, 529 (1951), the Court, with attention to Section 242, observed, "... we do not think a jury trial could be waived." In *Keck,* however, as noted by the Court's opinion, neither party objected to the award by the Chancellor (as opposed to a jury), and the irregularity was not an issue upon appeal. Accordingly, the Court's reflection on waiver must be classified as nonbinding dictum.

It is true that the *Keck* Court concluded that if damages were again sought upon remand, "a jury must be empaneled to return a unanimous verdict." *Keck* at 530.

Nevertheless, the interpretation of such must be limited to a direction that the proceedings below be held in conformity with Section 242. Before us now, as a matter of first impression, is the specific issue of the consequence of having attempted a voluntary waiver of the jury right.

■ Constitutional rights are assurances given to each citizen of this Commonwealth that his interests will not be affected without specifically delineated safeguards. These rights are personal to each of us and cannot be circumvented or cast aside through the whims or caprices of others. However, this is not to say that should one wish not to avail himself of the protection which they offer, that he may not of his own volition choose affirmatively to deny their application. To state otherwise would be to reject the essence of freedom of choice upon which this nation was founded.

Consideration, therefore, must be given to whether under the immediate facts there was an affirmative waiver of § 242's mandate of jury determination of damages. The relevant Ohio Circuit Court Order states in its entirety: "On the *Plaintiff's* Motion, these cases are set for *trial before the Court* on Monday, March 12, 1979. This the 2 day of March, 1979." (Emphasis added.)

Appellant, the successor interest to Plaintiff below, suggests that the Order was prepared by Defendants (appellees herein) and that no motion in support of the Order from Plaintiff appears in the record. Indeed the Order does reflect preparation by Defendants, but it also clearly recites that it was upon Plaintiff's motion and bears the "Have Seen" signature of Plaintiff's counsel.

■ No challenge to the wording of the Order was heard. Furthermore, on March 12 Plaintiff participated without objection in the hearing before the Court on the damage matter. Allegiance must be given to the time-worn but still vital axiom that a Court speaks through its records. There is not an iota of evidence in the record before this Court to indicate that such should not

apply in this instance. The conclusion must be reached that Plaintiff below affirmatively waived its right to jury determination of damages.

For all the aforementioned reasoning the Summary Judgment entered by the Ohio Circuit Court is affirmed.

WILHOIT, J., concurs.

HOWERTON, Judge, concurring.

I agree with the result reached by my colleagues. However, the question of waiver of a jury determination of damages, as required by § 242 of the Kentucky Constitution and KRS 416.620, calls for additional comment and clarification.

The facts in this case are unique in several respects. Both the condemnor and the condemnee waived a jury determination of damages. Although the majority may be correct in concluding that the jury right was provided for the benefit of the landowner, I believe both sides in eminent domain proceedings have a right to a jury trial on damages, and therefore both must join in any waiver. When the condemnor and condemnee join to waive a jury trial, who is left to object?

In this case, it is Equitable. Equitable is the successor to the condemnor, L & M Oil and Gas Company. Its involvement came as a result of L & M's insolvency after the taking but before the awards were finalized. Equitable foreclosed on L & M and purchased its assets. As successor in title to the condemned property, it became liable to pay any unpaid balance. Equitable was aware of the action, but offered no objection to the procedure. Its predecessor waived its rights to a jury determination, and Equitable did nothing to protect itself until a sizable judgment fell on it. Equitable was involved in the damage phase of the condemnation action before its conclusion. It either waived its right to attack the awards on the jury issue, or it is at least estopped from raising the question. We can no longer hear its plea.

The landowners initiated this action to collect their awards. Equitable argues that

they are void. At worst, they might be voidable. Since the awards are not void, the challenge is untimely. CR 60.02 and CR 60.03.

The judgment of the Ohio Circuit Court should be affirmed.