LOUISVILLE AND JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT, Appellant,

v.

Raymond Charles BISCHOFF, Appellee.

No. 2006–SC–000058–DG.

Supreme Court of Kentucky.

Dec. 20, 2007.

Rehearing Denied April 24, 2008.

Laurence Zieike, John H. Dwyer, Jr., James Hays Lawson, Pedley Zieike Gordinier & Pence, PLLC, Louisville, KY, Counsel for Appellant.

Raymond Charles Bischoff, Louisville, KY, pro se.

Opinion of the Court by Justice MINTON.

The Louisville and Jefferson County Metropolitan Sewer District (MSD) challenges a decision of the Court of Appeals that held that (1) both Section 242 of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 416.620 require an

affirmative waiver of a jury trial in eminent domain proceedings and (2) failure to make a timely demand under the Kentucky Rules of Civil Procedure (CR) 38.02 does not amount to an affirmative waiver. Upon review, however, we believe that the constitutional, statutory, and procedural provisions implicated in this case are in harmony and should be given their full effect. In formulating this belief, we rely, in part, on KRS 416.650, which states that "[a]ll proceedings under KRS 416.550 to 416.670 shall be governed by the provisions of the Rules of Civil Procedure except where the provisions of KRS 416.550 to 416.670 specifically or by necessary implication provide otherwise." And we conclude that the waiver provision of CR 38.04 applies with equal force in condemnation proceedings as it does in other proceedings because the provisions of KRS 416.550 to 416.670 do not specifically or by necessary implication provide otherwise. So we reverse the Court of Appeals and reinstate the judgment of the trial court.

## I. *PROCEDURAL HISTORY.*

The issue in this case arises in the context of the compensation phase of an eminent domain proceeding filed by MSD to obtain temporary and permanent sewer easements across property owned by Raymond Charles Bischoff. When MSD filed its petition for condemnation, MSD neither requested a jury trial on compensation nor paid a fee for a jury trial. In the course of the condemnation proceedings, on January 30, 2003, the trial court issued an interlocutory judgment condemning the permanent and temporary easements across Bischoff's property. On August 7, 2003, Bischoff filed a written request for a jury trial. The trial court denied the motion for a jury trial because the request was not timely under CR 38.02, and the

trial court concluded that the basis for the late request was not excusable neglect.

The trial court conducted a bench trial on valuation on October 25, 2004. Bischoff's property is located at 5215 Bardstown Road; Louisville, Jefferson County, Kentucky, and contains twenty-one acres. At trial, MSD presented testimony from a licensed real estate appraiser that the difference in the value of the property before and after the taking, along with the value of a temporary work easement, was, at most, $5,522. In reaching this value, the appraiser determined that the value of the permanent easement on approximately 11,-014 square feet was $2,677. In addition, MSD would utilize a temporary easement encompassing 29,274 square feet. The value of this square footage is $2,845, for a total fair market value of $5,522. Bischoff presented testimony from a local realtor, who stated that Bischoff had received an offer of $3,000,000 for the entire property. But the realtor had no opinion on the value of the property before the addition of the sewer and admitted that the addition of the sewer line made it more valuable. Based on this proof, the trial court rendered its final judgment on November 8, 2004, awarding Bischoff $5,522.

Bischoff appealed the trial court's decision denying his motion for a jury trial. He also argued that MSD's expert witness's appraisal did not contain comparable sales as required by KRS 416.660. The Court of Appeals concluded that in eminent domain proceedings, Section 242 of the Kentucky Constitution and KRS 416.620(1) require an affirmative waiver of the mandate for a jury trial. And failure to make a demand under CR 38.02 did not amount to an affirmative waiver. In addition to the constitutional and statutory provisions, the Court of Appeals relied on the following language of *Equitable Life*

*Assurance Society of the United States v. Taylor:* [1]

Constitutional rights are assurances given to each citizen of this Commonwealth that his interests will not be affected without specifically delineated safeguards. These rights are personal to each of us and cannot be circumvented or cast aside through the whims or caprices of others. However, this is not to say that should one wish not to avail himself of the protection which they offer, that he may not of his own volition choose affirmatively to deny their application. To state otherwise would be to reject the essence of freedom of choice upon which this nation was founded.

The Court of Appeals reversed and remanded for a jury trial on the issue of compensation. Having done so, the Court of Appeals concluded that Bischoff s second argument directed to MSD's expert's method of appraisal was moot.

1. 637 S.W.2d 663, 665 (Ky.App.1982).

2. *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth Transp. Cabinet,* 983 S.W.2d 488, 490 (Ky.1998).

3. *Mullins v. Commonwealth,* 956 S.W.2d 210, 212 (Ky.1997).

4. Ky. Const. § 242 ("The General Assembly shall not deprive any person of an appeal from any preliminary assessment of damages against any such corporation or individual made by Commissioners or otherwise; and upon appeal from such preliminary assessment, the amount of such damages shall, in all cases, be determined by a jury, according to the course of the common law."); KRS 416.620(1) ("All questions of fact pertaining to the amount of compensation to the owner, or owners, shall be determined by a jury....").

5. *Taylor,* 637 S.W.2d at 665.

6. Va.Code Ann. § 25.1–220 ("The issue of just compensation shall be determined by a jury,

## II. *RESOLUTION OF THE ISSUE.*

The issue in this case is one of constitutional and statutory interpretation and application. So it is purely a question of law and subject to de novo review by this Court. [2] In conducting our review, we are further mindful that one of our responsibilities "is to harmonize the law so as to produce a consistent result." [3]

There can be no dispute that Bischoff had a right to a jury trial on the amount of compensation owed to him for the taking of his property. [4] The issue is whether Bischoff had to exercise that right by demanding a jury trial as required by CR 38.02 or waive that right affirmatively as interpreted by our case law and applied by the Court of Appeals in this case. [5] The issue arises because KRS 416.550 to 416.670, the substantive provisions of the Eminent Domain Act of Kentucky, do not specify the procedure by which a party is to exercise the right to a jury trial as eminent domain statutes in other states do. [6] While Kentucky's eminent domain

upon a timely election made by an owner. However, by agreement of the petitioner and all the parties who are sui juris that have appeared or responded, or, if no owner upon proper notice has appeared or responded, or has filed an answer and grounds of defense that fails to elect to have the determination of just compensation made by a jury, then, upon motion of the petitioner, the issue of just compensation may be determined by the court."); W. Va.Code § 54–2–10 ("Within ten days after the report required by the provisions of section nine of this article is returned and filed, either party may file exceptions thereto, and demand that the question of the compensation, and any damages to be paid, be ascertained by a jury.... I f no exceptions be filed to such report, and neither party demand a trial by jury as aforesaid, the court, or the judge thereof in vacation, unless good cause be shown against it, or it be defective or erroneous on its face, shall confirm such report, and order it to be recorded in the proper order book of the court.").

statutes may not specify the procedure, they do, however, provide the answer to the issue in this case in KRS 416.650, which is as follows: "All proceedings under KRS 416.550 to 416.670 shall be governed by the provisions of the Rules of Civil Procedure except where the provisions of KRS 416.550 to 416.670 specifically or by necessary implication provide otherwise." Because there is no provision that specifically or by necessary implication pertains to a demand of a trial by jury, the provisions of CR 38 govern. And CR 38.02 required Bischoff to obtain a trial by jury by serving a timely demand. If he did not do so, then under CR 38.04, he waived his right to a jury trial.

■ Turning to the timeliness of Bischoff's request in this case, the issue triable of right by a jury was compensation. In eminent domain actions, the last pleading directed to the issue of compensation is the statement of exceptions, which must be filed within thirty days of the entry of the interlocutory judgment.[7] In this case, although the trial court signed the interlocutory judgment on January 21, 2003, it was not entered until January 30, 2003. Bischoff made a motion to set aside the interlocutory judgment, which was also filed on January 30, 2003. In an order, entered April 4, 2003, the trial court denied Bischoff's motion to set the judgment aside. Under the most liberal timeline, Bischoff had thirty days after the trial court's April 4, 2003, order to file his statement of exceptions, which would be May 4, 2003. And he had ten additional days after that to make his demand for a jury trial, which would be May 14, 2003. Bischoff did not file his demand for a jury trial until August 7, 2003, almost three months past the last pleading directed to the issue of com-

pensation and eleven months after Bischoff filed his first pleading in this case. Under CR 38.04, his failure to serve a timely demand under CR 38.02 constituted a waiver by him of a trial by jury.

■ The provisions of CR 38 are simple, clear, and necessary to enable the court to arrange and conduct its business.[8] We cannot agree with Bischoff that enforcing CR 38.04 deprives him of his right to a trial by jury under Section 242 or KRS 416.620. To the contrary, CR 38 merely specifies the procedure for obtaining a jury trial when the applicable statutes do not. This case exemplifies the concept of the important relationship between the rules of procedure and the exercise of constitutional and statutory rights. As explained by this Court in *Brown v. Commonwealth:*[9]

> Substantive rights, even of constitutional magnitude, do not transcend procedural rules, because without such rules those rights would smother in chaos and could not survive. There is a simple and easy procedural avenue for the enforcement and protection of every right and principle of substantive law at an appropriate time and point during the course of any litigation, civil or criminal. That is not to say that form may be exalted over substance, because procedural requirements generally do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated. Without them every trial would end in a shipwreck.

We acknowledge the language in the *Taylor* case (quoted above) upon which the

---

7. KRS 416.620(1), (6).

8. *See* the late KURT A. PHILIPPS, JR., DAVID V. KRAMER & DAVID W. BURLEIGH, KENTUCKY PRACTICE

SERIES RULES OF CIVIL PROCEDURE RULE 38.04 (6th ed.2007).

9. 551 S.W.2d 557, 559 (Ky.1977).

Court of Appeals relied that—while recognizing that the right to a jury trial in eminent domain is a personal right—nonetheless requires an affirmative waiver of the right.[10] To the extent that this language elevates the right to a jury trial in eminent domain proceedings above the right to a jury trial guaranteed in Section 7 of the Kentucky Constitution,[11] we overrule this language. The right to a jury trial under either Section 7 or Section 242 is fundamental, but neither is more so than the other.[12] Just as this Court's predecessor has upheld the waiver provision of CR 38.04 in a wrongful death action,[13] we uphold the provision in eminent domain proceedings.

Before concluding, we note that the Court of Appeals decided that Bischoff's second argument in that court pertaining to the expert witness's method of appraisal was moot in light of its decision to vacate and remand to the trial court for a jury trial. Consequently, it did not address that issue any further in its opinion. Bischoff did not file a cross-motion for discretionary review in this Court as required by CR 76.21(1) to preserve the argument.[14] However, he takes issue in his appellee's brief with the evidence presented by MSD at the bench trial. Bearing in mind that at all times in these proceedings, Bischoff has proceeded pro se, our courts have not held him to the same standards of pleading required of attorneys.[15] We do, however, require pro se litigants to follow the Rules of Civil Procedure. Because Bischoff did not preserve his evidentiary arguments by way of a cross-motion for discretionary review, this Court will not consider them.

We reverse the decision of the Court of Appeals and reinstate the judgment of the trial court.

All sitting, except SCHRODER, J.

LAMBERT, C.J.; ABRAMSON, NOBLE, and SCOTT, JJ., concur.

CUNNINGHAM, J., dissents and would be inclined to affirm the well-written opinion of the Court of Appeals because of the constitutional bias in favor of the right to a trial by jury. He notes that the landowner asked for a jury trial in August of 2003, some fifteen months before the bench trial. In such a case, he does not believe the failure to comply with CR 38.02 is an affirmative waiver. Therefore, he respectfully dissents.

---

10. 637 S.W.2d 663 at 665.

11. ("The ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such modifications as may be authorized by this Constitution.")

12. *See Peoples Natural Gas Co. v. City of Hartley*, 497 N.W.2d 874, 876 (Iowa 1993) (addressing interplay between state constitutional provision on the taking of private property and the state rules of civil procedure and concluding that similarly-worded waiver provision in civil rules applied when appellant failed to file a timely jury demand and did not establish good cause for the failure).

13. *Empire Metal Corp. v. Wohlwender*, 445 S.W.2d 685, 689 (Ky.1969) ("The right to a jury trial is waived unless it is demanded within 10 days after service of the last pleading directed to an issue triable by jury. CR 38.02, 38.04."); *see Ohio River Pipeline Corp. v. Landrum*, 580 S.W.2d 713, 717 (Ky.App. 1979) (recognizing that parties had right to trial by jury in trespass action but holding that parties waived that right under CR 38.04 by not filing a demand for a jury trial).

14. *Perry v. Williamson*, 824 S.W.2d 869, 871 (Ky.1992).

15. *See Commonwealth v. Miller*, 416 S.W.2d 358, 360 (Ky.1967).