Vaughn **HALLIS**, Appellant,

v.

Cathleen **HALLIS**, Appellee.

No. 2009–CA–002051–ME.

Court of Appeals of Kentucky.

Oct. 1, 2010.

Discretionary Review Denied by Supreme Court Jan. 14, 2011.

Vaughn Hallis, Lexington, KY, pro se.

No Brief for Appellee.

Before ACREE and NICKELL, Judges; HARRIS,[1] Senior Judge.

## OPINION

ACREE, Judge:

Vaughn Hallis, *pro se,* appeals a series of orders of the Fayette Family Court. The first order, of May 12, 2006, deviated from the child support guidelines, modified the parties' child support obligations (from a prior temporary order), and struck all arrearages. Subsequent orders now on appeal denied Vaughn's motions to reallocate child support and vacate the May 2006 order. We affirm them all.

Vaughn and Cathleen Hallis were married on November 25, 1989. They had two children who are now nineteen and fifteen years old. The parties separated in June 2003, and Cathleen filed a petition for dissolution of marriage on August 14, 2003.

Contested issues before the family court included the classification and distribution of the parties' property and debt, custody and timesharing of the minor children, and child support payments. The family court's first order regarding custody and timesharing, dated July 19, 2005, granted the parties joint custody of the children, with Cathleen to be primary residential parent in the school year and Vaughn to be primary residential parent during summer. Also in this order, the circuit court required neither party to pay child support.

The order was modified on several occasions to require Vaughn to pay child support in various amounts during various time periods. Finally, on May 12, 2006, the family court again terminated the parties' child support obligations.

That order eliminated Vaughn's child support obligation because he had become disabled; the children received Social Security benefits as a result. Taking into account the amount Cathleen received in Social Security benefits for the children, the family court concluded the fair outcome would be to require child support payments from neither party. The family court denied the portion of Vaughn's motion which sought to require Cathleen to pay child support. Vaughn appealed this order in 2006,[2] but this Court affirmed the decision of the family court. Vaughn did not seek discretionary review by the Supreme Court.

More recently, Vaughn filed various motions requesting that the family court vacate the 2006 order. It is the family court's denial of those motions,[3] in addition to the 2006 order, which Vaughn now appeals.

■ At the outset, we note that Vaughn's appellate brief deviates significantly from the format mandated by Kentucky Rule of Civil Procedure (CR) 76.12. In addition to a number of relatively minor omissions and improper formatting decisions we need not detail here, Vaughn's brief includes no citations to the record

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute 21.580.

2. The original appeal was consolidated with Vaughn's appeal of a previous order of the Fayette Family Court.

3. These include written orders of May 20, 2009, and June 9, 2009, denying Vaughn's request to alter, amend, or vacate the May 2006 order, in addition to a verbal order of August 29, 2008.

and no statement of preservation of the issues he raises on appeal. Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky.App.1990).

It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules "do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated." *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky.2007)(quoting *Brown v. Commonwealth*, 551 S.W.2d 557, 559 (Ky.1977)). Enforcement of procedural rules is a judicial responsibility of the highest order because without such rules "[s]ubstantive rights, even of constitutional magnitude, . . . would smother in chaos and could not survive." *Id.* Therefore, we are not inclined to disregard Vaughn's procedural deficiencies.

The second option is available to us because CR 76.12(8)(a) says: "A brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12." All of the rules for preparing a brief before this Court are contained in CR 76.12 or rules cited therein. Lack of a legal education is not an impediment to following these rules. This case presents an opportunity to emphasize that there is an important purpose behind each of these rules.[4]

Failure to comply with CR 76.12(4)(c)(v), Vaughn's most troublesome shortcoming, creates particular problems. CR 76.12(4)(c)(v) requires that a brief contain:

An "ARGUMENT" conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

Compliance with this rule permits a meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal: what facts are important and where they can be found in the record; what legal reasoning supports the argument and where it can be found in jurisprudence; and where in the record

---

4. For example, some of the practical purposes for these rules governing briefs are as follows:
- Deadlines for filing briefs help expedite resolution of cases. CR 76.12(2).
- Placing the order under review immediately behind the appendix index allows the reviewing court to return easily to the order, which the Court must to do repeatedly. CR 76.12(4)(c)(vii).
- Including a short introduction and statement concerning oral argument in the front of the brief introduces the argument theme and permits the reviewing court to screen cases and schedule oral arguments expeditiously. CR 76.12(4)(c)(i), (ii), (d)(i).
- Standardizing the permissible number of pages and the size of the paper, the margins, the font and the space between lines assures that neither party obtains an advantage over the other in terms of the length of the argument. CR 76.12(4)(a), (b).
- A statement of points and authorities that accurately represents the contents of the brief allows for quick reference to a citation, argument, or analysis in the body of the brief. CR 76.12(4)(c)(iii), (d)(ii).
- Extruding tabs make appendices, especially large ones, easy to use. CR 76.12(4)(c)(vii), (d)(v).

the preceding court had an opportunity to correct its own error before the reviewing court considers the error itself. The parties, when acting *pro se*, or their attorneys who appear before us have typically spent considerable time, sometimes even years, creating and studying the record of their case. On the other hand, the record that arrives on the desk of the judges of the reviewing court is entirely unknown to them. To do justice, the reviewing court must become familiar with that record. To that end, appellate advocates must separate the chaff from the wheat and direct the court to those portions of the record which matter to their argument. When appellate advocates perform that role effectively, the quality of the opinion in their case is improved, Kentucky jurisprudence evolves more confidently, and the millstones of justice, while still grinding exceedingly fine, can grind a little faster.[5]

But the rules are not only a matter of judicial convenience. They help assure the reviewing court that the arguments are intellectually and ethically honest. Adherence to those rules reduces the likelihood that the advocates will rely on red herrings and straw-men arguments—typically unsuccessful strategies. Adherence enables opposing counsel to respond in a meaningfully way to the arguments so that dispute about the issues on appeal is honed to a finer point.

Finally, the brief typically is the first impression upon the reviewing court that an appellate advocate makes for himself, or on behalf of his client. On this point, we wholeheartedly agree with the sentiments of Judge Aldisert.[6]

I cannot overemphasize the necessity of knowing and observing the rules governing briefs and the supporting record. . . . Failing to respect these rules may not cause your case to be dismissed, but it may get you off on the wrong foot. The best you can hope for in an appeal is a sympathetic court; at the very least, you want a neutral tribunal, not one that is hostile. You certainly do not want to face a court that has formed the impression: "This lawyer is complaining that the trial judge did not follow the rules of the game, but in taking this appeal, this character isn't following ours!"

[A] sort of mental occurrence takes place when we are in the process of acquiring a favorable or unfavorable initial impression[. S]uch a disposition is not necessarily a very long-lived one; it may last only a few seconds. But the advice is clear: do not make an initial bad impression by filing a sloppy brief that fails to follow the court's requirements.

RUGGERO J. ALDISERT, WINNING ON APPEAL, BETTER BRIEFS AND ORAL ARGUMENT 83 (2nd ed.2003).

Because Vaughn is not an attorney, we cannot expect the elegance or sophistication of legal thought we should expect

---

5. Those interested in the ancient origins of the old legal saw, "The mills of justice grind slowly, but exceedingly fine," are referred to WOLFGANG MIEDER, PROVERBS: A HANDBOOK 50 (2004).

6. Ruggero J. Aldisert, Senior Judge United States Circuit Judge, is Chief Judge Emeritus of the United States Court of Appeals for the Third Circuit. He has published extensively on a variety of topics. Included among his works are THE JUDICIAL PROCESS (West 2nd.

ed.1996), LOGIC FOR LAWYERS: A GUIDE TO CLEAR LEGAL THINKING (NITA 3rd ed.1997), WINNING ON APPEAL (NITA 2nd ed.2003), and OPINION WRITING (West 2nd. ed.2009). In 2005 Aldisert became the first recipient of the "Distinguished Appellate Jurist Award," bestowed by the American Bar Association's Council of Appellate Lawyers. In 2008, Aldisert received the Legal Writing Institute's "Golden Pen Award."

from members of our "learned profession." *Shapero v. Kentucky Bar Ass'n,* 486 U.S. 466, 489, 108 S.Ct. 1916, 100 L.Ed.2d 475 (1988)(O'Connor, Justice, dissenting)(An orderly legal system requires "a trained and specialized body of experts. This training is one element of what we mean when we refer to the law as a 'learned profession.' Such knowledge by its nature cannot be made generally available[.]"). However, we have every reason to expect the briefs filed by *pro se* appellate advocates to demonstrate a good faith attempt to comport with CR 76.12, our rule for preparing briefs. *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff,* 248 S.W.3d 533, 537 (Ky.2007). While Vaughn's brief includes citation to a variety of legal authority, we cannot know how that authority applies in his case because he fails utterly to cite to the record and he fails to tell this Court how he preserved his argument before the family court. Considering that Vaughn is a *pro se* appellant and the record in his case is not unwieldy, we will not strike his brief pursuant to CR 76.12(8). We will conduct this appeal under the manifest injustice standard. Our decision to do so in this case, however, should not be taken as precedent.

█ Vaughn urges this Court to reverse the family court's 2006 order denying his motion to require Cathleen to pay child support. More specifically, he contends it was improper to deviate from the child support guidelines and to forgive Cathleen's alleged arrearages. Vaughn has already raised this issue on appeal once, and this Court affirmed the family court. "An opinion of the Court of Appeals becomes final on the 31st day after the date of its rendition unless a petition under Rule 76.32 or a motion for review under Rule 76.20 has been timely filed or an extension of time has been granted for one of those purposes." CR 76.30. Neither exception applied. Following finality, we lost jurisdiction to alter the opinion. Vaughn has exhausted his appeals and may not revisit the issue.

Even if this had been Vaughn's first appeal of the 2006 order, his appeal was not timely. An appeal from a circuit court[7] must be filed within 30 days of judgment. CR 73.02(1)(a). This appeal was filed more than three years after the family court's order. "The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial." CR 73.02(2). We therefore deny Vaughn's appeal of the 2006 order.

Once we eliminate the issues pertaining to the 2006 order, little remains. Vaughn used his appeal of the 2008 and 2009 denials to reargue the reasons he believes the 2006 order should be reversed, but he failed to advance any argument to support reversal of the more recent orders. Review of those orders does not reveal any manifest errors. Vaughn is evidently upset that Cathleen has never been required to pay him child support, but is entitled to keep the Social Security funds. He characterizes this as impermissibly crediting Cathleen with Vaughn's benefits, thereby abating Cathleen's child support obligation. However, review of the record reveals Cathleen has never been ordered to pay child support. She therefore has no obligation to abate. Vaughn has not demonstrated that the family court's orders constituted manifest injustice.

7. A family court such as the Fayette Family Court from which Vaughn appeals, is a circuit court. *Walson v. Ethics Committee of Kentucky Judiciary,* 308 S.W.3d 205 (Ky.2010)(citing Ky. Const § 109).

The orders of the Fayette Family Court are affirmed.

ALL CONCUR.