RENDERED: AUGUST 13, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1271-MR

WALLACE G. COOK                                      APPELLANT

             APPEAL FROM BRACKEN CIRCUIT COURT
v.            HONORABLE GREGORY M. BARTLETT, JUDGE
                  ACTION NO. 05-CR-00026

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

COMBS, JUDGE: Appellant, Wallace G. Cook (Cook), appeals from an order of

the Bracken Circuit Court denying his application for the expungement of a felony.

After our review, we affirm.

On December 17, 2005, Cook was indicted by a Bracken County

Grand Jury on three counts of reckless homicide. Cook entered a plea of guilty.

On June 19, 2006, the trial court entered its judgment, sentencing Cook to an aggregate of five years, probated for a period of five years.

On November 21, 2019, then-Governor Matthew G. Bevin unconditionally pardoned Cook. On February 26, 2020, Cook filed an application to vacate and to expunge his felony record. On May 28, 2020, the Commonwealth filed a response stating that it had no objection to the expungement.

By an order entered on September 3, 2020, the Bracken Circuit Court denied Cook's application, explaining as follows:

> Although these felonies are eligible for expungement pursuant to KRS[1] 431.073(1)(c)[2], this Court believes the seriousness of the offenses would not justify expungement from the Defendant's record. Expungement is not warranted by the interests of justice in this case. Although pardoned, the Defendant was convicted of three very serious offenses. Any harm to the applicant by having this conviction on his record does not outweigh the public interest in the criminal history record being publicly available.

Cook, *pro se*, appeals. Although his brief fails to conform to the requirements of CR[3] 76.12(4)(c), we have elected to proceed with our review. *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

---

[1] Kentucky Revised Statutes.

[2] KRS 431.073(1)(c) provides in relevant part that: "[a]ny person who has been . . . [g]ranted a full pardon . . . may file with the court in which he or she was convicted an application to have the judgment vacated. . . ."

[3] Kentucky Rules of Civil Procedure.

KRS 431.073(6) provides in relevant part as follows:

> If the court has received a response from the office of the
> Commonwealth's attorney or county attorney that
> prosecuted the case stating no objection to the application
> to have the judgment vacated . . . the court **may**, without
> a hearing, vacate the judgment in the manner established
> in subsection (5) of this section.

(Emphasis added.) The statutory language is permissive. Thus, the matter lies wholly within the sound discretion of the circuit court.

The standard governing our review is abuse of discretion -- "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). We agree with the Commonwealth that Cook has failed to demonstrate any abuse of discretion.

Accordingly, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Wallace G. Cook, *pro se*
St. James City, Florida

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky