RENDERED: OCTOBER 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1657-MR

STEPHEN HOLBROOK                                                APPELLANT

APPEAL FROM LETCHER CIRCUIT COURT
v.        HONORABLE ALISON C. WELLS, SPECIAL JUDGE
ACTION NO. 11-CI-00355

JENNY ELICE HOLBROOK                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; GOODWINE AND McNEILL,
JUDGES.

GOODWINE, JUDGE: Stephen Holbrook appeals from an order of the Letcher

Circuit Court, entered October 4, 2019, awarding his former spouse, Jenny

Holbrook, $350/month in spousal maintenance from April 11, 2014, until April 26,

2018. After careful review of the record, we affirm.

Stephen and Jenny divorced in 2012. After the decree of dissolution

was entered, additional hearings were held on October 23, 2012, and November

20, 2012, to address all outstanding issues.[1]  Stephen failed to appear for either

hearing.  The circuit court entered an order on April 15, 2014, awarding Jenny, in

relevant part, $350 per month in spousal maintenance "until such time as [Jenny] is

awarded Social Security Disability benefits, for which [Jenny] has already

applied."  The order was not appealed.

On September 15, 2015, an agreed order was entered.  Notably,

Stephen agreed, in relevant part,

> 1.  [Stephen] shall pay [maintenance] of $350.00 monthly until such time as [Jenny] is awarded Social Security Disability Benefits, for which [Jenny] has already applied.
>
> 2.  [Stephen] has arrears of $3500 for [maintenance]. These shall be paid out of [Stephen's] Kentucky Teacher's Retirement System Account [("KTRSA")].
>
> 3.  A garnishment shall issue to [Stephen's] [KTRSA] for future [maintenance] payments in addition to the previous amount directed to pay in the [o]rder entered on April 15, 2014 by the [c]ourt for the amount of $350.00 per month.  These sums are to be paid out of the half of [Stephen's] retirement account not already awarded to [Jenny][.]

On September 11, 2017, Stephen filed what he titled a "Motion to

Modify Decree."  Stephen argued that Jenny had actively stopped pursuing her

---

[1] The outstanding issues at the time were child support and custody/visitation, property distribution, and spousal maintenance.  Only the issue of spousal maintenance is relevant to this appeal.

Social Security Disability claim and he should therefore be relieved from his maintenance obligation. A series of continuations followed for various reasons and the matter was not heard by the Domestic Relations Commissioner (DRC) until May 2019. Following the hearing, the DRC tendered a proposed order to the circuit court which found, in relevant part, that Stephen owed Jenny maintenance "in the amount of Three Hundred Fifty Dollars ($350.00) per month from April 11, 2014 until April 26, 2018[.]"[2] The DRC found the total amount of maintenance Stephen owed for that time period was $15,850.[3] Stephen filed exceptions to the DRC's proposed order, but the circuit court overruled the exceptions and the order was entered on October 4, 2019. This appeal followed. Further facts will be developed as necessary.

On appeal, Stephen argues the circuit court (1) erred by failing to make the necessary findings to award maintenance pursuant to KRS[4] 403.200(1); (2) erred by failing to modify the award of maintenance; and (3) abused its discretion in requiring him to pay maintenance from his KTRSA.

---

[2] Although no finding was made, it appears from the DRC's handwritten notes contained in the record that Jenny remarried in 2018.

[3] At the time the hearing was held in May 2019, Stephen had not made any maintenance payments to Jenny since the divorce. To arrive at the total amount owed, the circuit court deducted $1300 for half of the value of some personal property Jenny removed from the marital home following the parties' separation.

[4] Kentucky Revised Statutes.

Before addressing Stephen's arguments, we must first discuss the parties' violations of CR[5] 76.12. "It is a dangerous precedent to permit appellate advocates to ignore procedural rules." *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). Procedural rules "do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated." *Id*. (quoting *Louisville and Jefferson Cty. Metro. Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky. 2007)).

CR 76.12(4)(c)(v) requires at the beginning of each argument "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Although Stephen does have a statement of preservation at the beginning of his first two arguments, close examination of the record before us reveals that these arguments are unpreserved. His third argument is also unpreserved.

> Citing CR 76.12(4)(c)(v) which requires appellate briefs to contain references to the record showing that an issue was preserved for review and in what manner, this Court has previously noted the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review[.]

---

[5] Kentucky Rules of Civil Procedure.

*Keco v. Ayala*, 592 S.W.3d 753, 757 (Ky. App. 2019) (internal quotation marks and citation omitted). The law is well-settled that "[t]he Court of Appeals is without authority to review issues not raised in or decided by the trial court." *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989).

Stephen's first argument, made pursuant to KRS 403.200(1), is not found in his exceptions to the DRC's proposed order contained in the record before us, wherein he argued only that "The Commissioner erroneously found that [Jenny] is entitled to maintenance." Similarly, Stephen's second argument to this Court relies on modification of maintenance pursuant to KRS 403.250, but this argument is also not found within the exceptions filed, which rely primarily on the assertion that Jenny had abandoned her Social Security Disability claim. Finally, Stephen's third argument also does not appear in the record before us.[6]

---

[6] Stephen's third argument also lacks a statement of preservation. We require a statement of preservation

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). *See also* CR 76.12(4)(c)(v).

CR 76.12(4)(c)(v) also requires an appellant's argument to contain "ample supportive references to the record."[7]  Stephen's arguments contain only the erroneous citations to his exceptions to the DRC's proposed order previously mentioned.[8]

> It is fundamental that it is an [a]ppellant's duty and obligation to provide citations to the record regarding the location of the evidence and testimony upon which he relies to support his position, and if an appellant fails to do so, we will accordingly not address it on the merits.

*Commonwealth v. Roth*, 567 S.W.3d 591, 594 (Ky. 2019) (internal quotation marks and footnote omitted); *see also* CR 76.12(4)(c)(v).  Therefore, Stephen's brief does not satisfy CR 76.12(4)(c)(v)'s requirement for his argument to contain "ample supportive references to the record[.]"

Stephen's brief also fails to comply with CR 76.12(4)(c)(v) in that it lacks ample "citations of authority pertinent to each issue of law[.]"  The caselaw cited in Stephen's brief is sparse and is included only in reference to the appellate standard of review.  Although Stephen does cite some applicable statutes, he does so with no accompanying analysis or application of facts.  His brief therefore does

---

[7] We note that Stephen does include citations to the record in the Statement of the Case portion of his brief.  However, CR 76.12(4)(c)(v) requires ample citations to the record in support of an appellant's *argument*.

[8] In contravention of CR 75.01, Stephen did not file a designation of record.  Therefore, the record before us contains no video recordings of any hearings before the circuit court or the DRC.

not fulfill CR 76.12(4)(c)(v)'s requirement that arguments contain ample "citations of authority pertinent to each issue of law."

Compliance with CR 76.12 is mandatory, and failing to comply with the civil rules is an unnecessary risk appellate advocates should not chance. *Petrie v. Brackett*, 590 S.W.3d 830, 834-35 (Ky. App. 2019) (citing *Hallis*, 328 S.W.3d at 696). "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis*, 328 S.W. 3d at 696 (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)).

Before deciding this issue, we note Jenny failed to file a brief. Subject to exceptions that do not apply here, the filing of a brief by appellants and appellees is mandatory. CR 76.12(1). Our options when an appellee fails to file a brief include: (1) accept the appellant's statement of the facts and issues as correct; (2) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (3) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case. CR 76.12(8)(c). *See also St. Joseph Catholic Orphan Society v. Edwards*, 449 S.W.3d 727, 732 (Ky. 2014).

"The decision as to how to proceed in imposing such penalties is a matter committed to our discretion." *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky.

App. 2007) (citations omitted).  We will, therefore, review for manifest injustice only.  *Elwell*, 799 S.W.2d at 48.  "[T]he required showing is probability of a different result or error so fundamental as to threaten a [party's] entitlement to due process of law."  *Petrie*, 590 S.W.3d at 835 (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006)).[9]

Returning to Stephen's first argument, he contends neither the April 15, 2014 order, nor the October 4, 2019 order made the required findings that Jenny lacks sufficient property, including the marital property apportioned to her, to provide for her reasonable needs and that she is unable to support herself through appropriate employment.  KRS 403.200(1).  While we agree this language was not present in the April 15, 2014 order, that order was not appealed.  Moreover, following entry of the order, Stephen and Jenny signed an agreed order entered on September 15, 2015, wherein Stephen agreed to pay Jenny maintenance in the amount of $350 per month.  The October 4, 2019 order merely set the duration of the maintenance award already in place from prior orders.  Stephen's first argument is moot because he agreed to pay maintenance to Jenny.

---

[9] Our decision to review for manifest injustice only is based solely on Appellant's failure to comply with CR 76.12(4)(c)(v), in that his arguments are unpreserved.  *See Ford v. Commonwealth*, ___S.W.3d___, 2021 WL 3828505, at *5 (Ky. Aug. 26, 2021) (internal quotation marks omitted) ("Appellate courts review[] unpreserved claims of error on direct appeal only for palpable error.  To prevail, one must show that the error resulted in manifest injustice.").  Even if the manifest injustice standard was not applied, a review of the record supports the decision being affirmed.

Stephen's second argument is vague and perplexing. He claims the circuit court erred in failing to modify the maintenance award but fails to identify "changed circumstances so substantial and continuing as to make the terms unconscionable." KRS 403.250(1). The circuit court discontinued Stephen's maintenance payments to Jenny effective April 26, 2018. We note that there were only seven months between the date Stephen filed his "Motion to Modify Decree" on September 11, 2017, and when the circuit court determined maintenance payments should cease on April 26, 2018. Reviewing for manifest injustice, we discern nothing in the record that would warrant modification of the maintenance award prior to that date.

Turning to Stephen's third and final argument, we note several key facts from the record before us. First, as previously mentioned, Stephen agreed his arrears were to be paid out of his KTRSA. He also agreed to a garnishment of his KTRSA for future maintenance payments from the half of the account that had not been awarded to Jenny. After the September 15, 2015 agreed order was entered, Jenny filed a notice of filing indicating that, despite the parties' agreement, maintenance payments could not be garnished from Stephen's KTRSA due to KRS 161.700(1), which provides, in relevant part, a KTRSA "shall not be subject to execution, *garnishment*, attachment, or other process, and shall not be assigned." (Emphasis added.) Stephen filed a response that included the following statement:

"[Jenny] points to KRS 161.700(1) as being determinative that these funds cannot be used as paying of past-due maintenance, when in fact, that statute says no such thing."[10]  He now argues to this Court that

> an award of maintenance to [Jenny] would circumvent KRS 161.700(3).  Because teachers' retirement benefits are not included as marital property, *absent an agreement*, it would fly in the face of the statute to require [Stephen] to pay maintenance from those benefits.  Consequently, such a requirement would be manifestly unfair and inequitable.[11]

(Emphasis added.)

"Our jurisprudence will not permit an appellant to feed one kettle of fish to the trial judge and another to the appellate court."  *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017).  Considering the September 15, 2015 agreed order, Stephen's third argument to this Court is disingenuous and we discern no error on the part of the circuit court.

For the reasons stated above, we affirm the order of the Letcher Circuit Court.

ALL CONCUR.

---

[10] The circuit court ultimately found that KRS 161.700(1) did apply and ordered Stephen to pay all maintenance payments directly to Jenny.

[11] *See* Appellant's brief, page 7.

BRIEF FOR APPELLANT:                NO BRIEF FOR APPELLEE.

Jeremy R. Morgan
Hazard, Kentucky