RENDERED: AUGUST 18, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0437-DG

BEN MARTIN                                       APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2018-CA-1260
SCOTT CIRCUIT COURT NO. 16-CI-00539

DURBIN WALLACE                                    APPELLEE

**OPINION OF THE COURT BY JUSTICE NICKELL**

**<u>AFFIRMING</u>**

The Kentucky Court of Appeals reversed and remanded the Scott Circuit Court's entry of summary judgment in favor of Officer Ben Martin of the Georgetown Police Department. Relying on *Martin v. O'Daniel*, 507 S.W.3d. 1 (Ky. 2016), the Court of Appeals concluded Officer Martin was not entitled to qualified official immunity on claims of malicious prosecution, abuse of process, and defamation per se levied against him by Durbin Wallace. We granted Officer Martin's motion for discretionary review. Having reviewed the record and the arguments of the parties, we agree Wallace did not adequately state a claim against Officer Martin for abuse of process and affirm the Court of Appeals' determination that the deficiency is fatal to Wallace's claim. We further agree with the Court of Appeals that Officer Martin was not entitled to

qualified official immunity on the remaining claims levied against him, and remand for further proceedings and development of the record as necessary.

Wallace was a school bus driver in Scott County for several years. On August 27, 2015, Wallace ordered a five-year-old passenger who was causing a disturbance to move to the front of the bus. A short time later, the child began talking to and grabbing at another student. Wallace stopped the bus, forcibly picked the child up, and moved him several rows back to an empty seat. The event was recorded by security cameras mounted in the bus. The sound of the child's head striking the bus window and a faint cry can be heard on the recording. Wallace was suspended as a bus driver on September 2 pending an investigation into the incident.

Officer Martin, a police officer and school resource officer, was assigned to conduct the investigation. After conducting several interviews and reviewing the videotape with his supervisors and the Scott County Attorney, all agreed probable cause existed to charge Wallace with assault in the fourth degree. An arrest warrant was subsequently issued and signed by a judge of the Scott District Court. Wallace was arrested at his home pursuant to the warrant by Officer Martin and another as-yet-unidentified uniformed officer. As a result of the arrest, Wallace was terminated from his job as a bus driver. At arraignment, the charge of assault in the fourth degree was amended to harassment (physical contact—no injury) and Wallace entered a plea of not guilty. The Scott County Attorney later sought to amend the charge back to

2

assault in the fourth degree, but the motion was denied. The matter went to a jury trial on March 4, 2016, and Wallace was found not guilty.

Less than four months later, Wallace filed the instant suit against Officer Martin and Scott County Board of Education Superintendent Patricia Putty, alleging malicious prosecution, abuse of process, and defamation.[1] Following a period of discovery, Officer Martin moved for summary judgment based on qualified official immunity and, alternatively, failure of proof by Wallace of the elements of his claims including malice or a lack of probable cause. On July 18, 2018, over two years after the suit began, summary judgment was entered in favor of Officer Martin. In its order, the trial court concluded the arrest warrant sought by Officer Martin was valid and the actions he took to secure the warrant were discretionary, done in good faith, and accomplished in the course of his work as a police officer. It further found the record did not contain a scintilla of evidence of maliciousness or bad faith. Based on those circumstances, the trial court determined Officer Martin was entitled to qualified official immunity and entered summary judgment as a matter of law.

Wallace appealed, and the Court of Appeals took a different view. Finding good faith and malice to be mutually exclusive, most intentional torts preclude acting in good faith, and relying on this Court's decision in *Martin*, the Court of Appeals concluded qualified official immunity did not shield police

---

[1] Officer Martin was sued in his individual capacity as a police officer, while Superintendent Putty was sued in her individual and official capacities. This opinion concerns only those claims levied against Officer Martin as no judgment has yet been entered regarding Superintendent Putty and she is not a party to this appeal.

officers from malicious prosecution claims. If a plaintiff can prove an officer acted with malice, entitlement to immunity is destroyed; conversely, if the plaintiff cannot show malice, immunity becomes unnecessary. Based on these conclusions, the Court of Appeals determined the trial court erred in granting Officer Martin summary judgment on Wallace's malicious prosecution claim. The Court of Appeals further held Wallace's defamation claim required proof of actual malice such that qualified official immunity was inapplicable under *Martin* and the trial court erred in not so finding. Finally, after reviewing Wallace's complaint, the Court of Appeals held Wallace had stated a claim for abuse of process against Superintendent Putty but had not made the same allegations against Officer Martin. Thus, it concluded the trial court correctly dismissed that claim. This Court granted discretionary review.

Before turning to the merits, we find it important to note the briefs filed by Officer Martin and Wallace each fail to comply with the mandates of CR[2] 76.12. Officer Martin includes no statement of preservation for any of his arguments, CR 76.12(4)(c)(v); includes minimal citations to the trial court record supportive of his statement of the case or arguments, CR 76.12(4)(c)(iv) and (v); and does not include a copy of the opinion of the Court of Appeals in the appendix, CR 76.12(4)(c)(vii). For his part, Wallace's brief contains not a single citation to the record. CR 76.12(4)(d)(iii). Wallace's deficiency before this Court is compounded by the fact he was chided by the Court of Appeals for the same deficiency in his brief filed with that court. Although we choose not to

---

[2] Kentucky Rules of Civil Procedure.

impose penalties based on these shortcomings, we take the opportunity to remind the parties and future litigants that failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance.

> It is a dangerous precedent to permit appellate advocates to ignore procedural rules.  Procedural rules "do not exist for the mere sake of form and style.  They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination.  Their importance simply cannot be disdained or denigrated."

*Hallis v. Hallis,* 328 S.W.3d 694, 696 (Ky. App. 2010) (quoting *Louisville & Jefferson Cnty. Metro. Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky. 2007)).

When a trial court grants a motion for summary judgment, the standard of review for an appellate court is de novo because only legal issues are involved.  *Isaacs v. Sentinel Ins. Co. LTD.*, 607 S.W.3d 678, 681 (Ky. 2020). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  CR 56.03.  The movant bears the initial burden of demonstrating that there is no genuine issue of material fact in dispute.  The party opposing the motion then has the burden to present, "at least some affirmative evidence showing that there is a genuine issue of material fact for trial."  *Steelvest, Inc. v. Scansteel Serv. Ctr, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991) (citations omitted).  A party responding to a properly supported summary judgment motion cannot merely rest on the allegations in his pleadings.  *Continental Cas. Co. v. Belknap*

5

*Hardware & Mfg. Co.,* 281 S.W.2d 914, 916 (Ky. 1955). "If the summary judgment is sustainable on any basis, it must be affirmed." *Fischer v. Fischer,* 197 S.W.3d 98, 103 (Ky. 2006).

Here, the trial court based its grant of summary judgment on Officer Martin's entitlement to qualified official immunity. As the Court of Appeals correctly held, the trial court's decision on immunity was incorrect as a matter of law. Our decision in *Martin* plainly answered the question in the context of a claim of malicious prosecution against police officers but likewise covered other causes of action predicated on malice such as Wallace's claim of defamation per se.

> Acting with malice and acting in good faith are mutually exclusive. Malice is a material fact that a plaintiff must prove to sustain a malicious prosecution claim. *Raine* [*v. Draisin*], 621 S.W.2d [895,] 899 [(Ky. 1981)]. But, it is also a fact that defeats the defendant's assertion of qualified official immunity. Official immunity is unavailable to public officers who acted "*with the malicious intention* to cause a deprivation of constitutional rights or other injury . . . ." *Yanero* [*v. Davis*], 65 S.W.3d [510,] 523 [(Ky. 2001)] (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)[)].
>
> It thus becomes apparent that the very same evidence that establishes the eponymous element of a malicious prosecution action simultaneously negates the defense of official immunity. In simpler terms, if a plaintiff can prove that a police officer acted with malice, the officer has no immunity; if the plaintiff cannot prove malice, the officer needs no immunity.
>
> Therefore, in the context of a malicious prosecution claim against state law enforcement officers, the issue of qualified official immunity is superfluous. The same would also be true with respect to any cause of action predicated upon malice instead of negligence or some other basis of liability. We agree with the officers' assertion that qualified official immunity is not limited to negligence actions. But, while *absolute immunity* will prevail even

6

against acts that are maliciously motivated, *Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, 348 S.W.3d 599, 601 (Ky. 2011), *qualified official immunity* yields to proof that a defendant's actions were malicious. Consequently, when a plaintiff must prove malice to sustain his cause of action, a defense of qualified official immunity has little meaning and no effect.

*Martin*, 507 S.W.3d at 5-6. Thus, on this authority, the trial court plainly erred in determining Officer Martin was entitled to the cloak of qualified official immunity on Wallace's claims of malicious prosecution and defamation per se. The Court of Appeals conducted a lengthy and thorough analysis on this point and reached the correct result.

Additionally, as the Court of Appeals aptly noted, Wallace failed to allege the elements of an abuse of process claim against Officer Martin. The only allegations set forth in his complaint regarding abuse of process related solely to Superintendent Putty. It is axiomatic a party must clearly allege facts and circumstances demonstrating each element to pursue a claim against another. Wallace did not. Based on this failure, the Court of Appeals correctly held the trial court's grant of summary judgment on the abuse of process claim as to Officer Martin was not erroneous. Thus, that portion of the decision of the Court of Appeals is likewise affirmed.

Finally, Officer Martin asserts the trial court's entry of summary judgment should be upheld on alternative grounds. He contends that even after two years of litigation and discovery, Wallace has failed to provide proof of essential elements of his claims such as subjective bad faith, objective bad faith, absence of probable cause, or malice. In his view, because Wallace has failed to meet his burden during this protracted period, Officer Martin argues

7

remand is futile and summary judgment was appropriately granted even if the trial court's determination regarding qualified official immunity was improper. However, Officer Martin overlooks a key facet of immunity defenses—the suspension of discovery until the issue is finally decided.

"[T]he applicability of the qualified [immunity] defense is a question of law to be decided prior to discovery." *Jefferson Cnty. Fiscal Ct. v. Peerce*, 132 S.W.3d 824, 837 (Ky. 2004) (citations omitted).

> "Absolute immunity refers to the right to be free, not only from the consequences of the litigation's results, but from the burden of defending oneself altogether." *Fralin & Waldron, Inc. v. Henrico County, Va.,* 474 F. Supp. 1315, 1320 (D.C. Va. 1979); 63C Am. Jur. 2d, *Public Officers and Employees,* § 308 (1997). As stated by the U.S. Supreme Court, the "essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411, 424 (1985). It allows the possessor the right to avoid being "subjected to the cost and inconvenience and distractions of a trial." *Tenney v. Brandhove,* 341 U.S. 367, 377, 71 S. Ct. 783, 788, 95 L. Ed. 1019, 1027 (1951) (legislators).
>
> Immunity from suit includes protection against the "cost of trial" and the "burdens of broad-reaching discovery" that "are peculiarly disruptive of effective government." *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396, 409-10 (1982) (qualified immunity for presidential assistants).

*Lexington-Fayette Urb. Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004). It is not merely immunity from liability which is protected by qualified official immunity, but rather the entirety of the burdens of suit including discovery. *See Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 474 (Ky. 2006). Thus, until the threshold issue of immunity is determined, a case simply may not proceed, and discovery is placed on hold.

Here, Officer Martin improperly and unfairly attempts to place upon Wallace a burden of substantiating his claims when Officer Martin's assertion of qualified official immunity has, itself, deprived Wallace of the opportunity to develop the record and establish the elements of his claims. As noted by the Court of Appeals, though two years of litigation has elapsed, only limited discovery has occurred. Wallace has been unable to depose Officer Martin or any other witnesses, has not been provided with the identity of the uniformed officer present at his arrest, nor has he had access to two of the three video recordings of the initial incident underlying this matter. At the hearing on Officer Martin's summary judgment motion, the trial court itself noted the potential need for further discovery should the immunity issue be decided against Officer Martin. Thus, Officer Martin's request for this Court to sustain the trial court's summary judgment on alternative grounds is not well-taken. Factual issues remain which can only be resolved through further discovery and development of the record. Wallace should not be penalized for deficiencies in the record which he has been precluded from developing. Remand for further proceedings is required.

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

All sitting. All concur.

9

COUNSEL FOR APPELLANT:

L. Scott Miller
Sturgill, Turner, Barker & Moloney, PLLC


COUNSEL FOR APPELLEE:

Edward E. Dove

# Supreme Court of Kentucky

## 2020-SC-0437-DG

BEN MARTIN                                            APPELLANT

ON REVIEW FROM COURT OF APPEALS
NO. 2018-CA-1260
V.              SCOTT CIRCUIT COURT NO. 16-CI-00539

DURBIN WALLACE                                     APPELLEE

## ORDER DENYING PETITION FOR REHEARING

The Petition for Rehearing, filed by the Appellee, of the Opinion of the Court, rendered April 28, 2022, is DENIED. On the Court's own motion, the Opinion rendered in the above-styled action by this Court on April 28, 2022, is hereby withdrawn and vacated and a new opinion issued.

All sitting. All concur.

ENTERED: August 18, 2022.

 

_____
CHIEF JUSTICE