RENDERED:  JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0704-MR

SHEILA JEAN BURDEN AND
PHILLIP BURDEN                                                                APPELLANTS


v.          APPEAL FROM MUHLENBERG CIRCUIT COURT
            HONORABLE JOHN L. ATKINS, SPECIAL JUDGE
            ACTION NO. 18-CI-00423


TERRI CARVER n/k/a TERRI
ANDERSON; THE ESTATE OF
SHELBY WALKER, JR.; SANDRA
BAKER as EXECUTRIX OF THE
ESTATEA OF SHELBY WALKER,
JR.; AND SANDRA BAKER,
INDIVIDUALLY                                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

CALDWELL, JUDGE:  This matter involves the conveyance of real estate by the

executrix of an estate to a purchaser for value.  The Muhlenberg Circuit Court

entered summary judgment against the heirs who had claimed that the transaction

was improper and alleged that the purchaser had notice that there were concerns about the title prior to the transaction. We affirm.

## FACTS

Shelby Walker, Jr. passed away in June of 2016. He died testate, leaving a last will and testament which named his son as executor. His son served for a short time, after which Appellee, Sandra Baker, the named alternate and daughter of the deceased, was appointed executrix. The written last will and testament specifically granted the executor or executrix the

> full power and authority to sell (at public or private sale, for cash or credit), and to mortgage, lease, and convey any part of my estate, both real and personal, and to execute good and sufficient deeds or other instruments necessary to convey title to same, at such time and upon such terms and conditions as they may deem best in order to fulfill my desires as expressed in this my **LAST WILL AND TESTAMENT**, all without court order.

The will also provided that each of the testator's five children should inherit equal shares of his property, real and personal. Appellant, Sheila Burden, was one of the children of the decedent. Sheila Burden and her husband Phillip owned property adjacent to real estate owned by her father, and they alleged in the complaint they filed in Muhlenberg Circuit Court that they had maintained the property of the decedent which adjoined their real estate. Having maintained the property for a period of thirty (30) years, the Burdens believed that they were entitled to that property as part of Sheila's one fifth (1/5) of her father's estate.

In May of 2018, the executrix conveyed real estate of the decedent to Appellee, Terri Carver for $146,000, a fair price for the property. Carver was a bona fide purchaser, having secured financing to purchase the property. A title examination was conducted by the mortgaging entity. The Burdens allege that the executrix did not have the authority to so convey, despite the clear grant of such authority in the last will and testament of Shelby Walker, Jr. The conveyance to Carver included the tract behind the Burden home, a tract that the Burdens desired to inherit as part of Sheila's share of her father's estate.

The Burdens filed suit seeking to undo the conveyance to Carver and alleging that the deed was of no consequence as all of the beneficiaries and their spouses were necessary signatories to any deed of conveyance. Carver answered and alleged that as a bona fide purchaser for value, she relied upon the clear language of the will granting the executrix the authority to convey property of the estate without approval of court or any other approval. She later filed a motion for summary judgment, which was granted. The Burdens appealed to this Court. We affirm.

## STANDARD OF REVIEW

Appellate courts review a trial court's entry of summary judgment *de novo*. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019). In the seminal case of *Steelvest, Inc. v. Scansteel Service Center, Inc.*, the Kentucky

Supreme Court explained that "the proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." 807 S.W.2d 476, 480 (Ky. 1991). In reviewing such a motion, the trial court must view the facts "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor" and in so doing must examine the proof to ensure that no real issue of material fact exist. *Id*.

## ANALYSIS

At the outset, we must point out the deficiencies of the Appellants' briefs. The first brief filed by Appellants was rejected as deficient and counsel was advised as to some of the failures contained in the brief and was given an opportunity to correct the deficiencies. Counsel may have cured some of the formatting issues, but did not comply with all of the requirements of Kentucky Rules of Civil Procedure (CR) 76.12, despite having an additional opportunity to do so.

CR 76.12(4)(c)(iii) requires:

A "STATEMENT OF POINTS AND AUTHORITIES," which shall set forth, **succinctly** and in the order in which they are discussed in the body of the argument, the appellant's contentions with respect to each issue of law relied upon for a reversal, listing under each the authorities cited on that point and the respective pages of

the brief on which the argument appears and on which
the authorities are cited.

(Emphasis added.)

The first brief filed by Appellants wholly failed to comply with CR 76.12(4)(c)(iii). The brief filed following the deficiency determination did not correct the deficiency suitably. It is not 'succinct' to list contentions which are lengthy and consist of several sentences. Counsel should be advised that he should be able to succinctly state the contentions he forwards in the brief, and a failure to do so may be an indication of a failure to adequately identify and frame the issues to be presented to the court. The ability to succinctly state and present the issues to be argued cogently is an indication of the strength, or weakness, of the issues themselves.

CR 76.12(4)(c)(v) requires that there be "ample supportive references to the record" for allegations of fact made in support of an argument. The Appellants' brief wholly fails to provide any such references; it is not sufficient or compliant to simply place documents from the record in an appendix and provide references to the appendix.

> Before addressing the merits of Porter's argument, we
> address her failure to comply with the requirements of
> CR 76.12. Any number of opinions of this Court and
> those of the Supreme Court emphasize the importance of
> the appellate rules. *See Clark v. Workman*, 604 S.W.3d
> 616, 616-19 (Ky. App. 2020). We will not, as we did in
> *Clark*, identify each deficiency, but we do urge counsel

> to read all the appellate rules carefully, especially CR 76.12, to avoid compromising the appellate rights of future clients.

*Porter v. Allen*, 611 S.W.3d 290, 293 (Ky. App. 2020) (footnotes omitted).

When confronted with a brief which does not provide citations to the record or is otherwise not in compliance with the rules, CR 76.12(8)(a) provides the reviewing Court with several alternatives:

> (8) Penalties.
>
> (a) A brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12.

We do not take this action lightly. We feel compelled to do so as we hold a responsibility to those practitioners and lay litigants who take care to comply with the rules. We are entrusted with ensuring that the rules are applied equitably and that the administration of justice in the Commonwealth is conducted with fundamental fairness, which requires that all be required to comply with very well-known, necessary, and functional rules for filings.

Because the brief here is so deficient and fails so completely to comply with the rules, we strike the brief and will review only for manifest injustice.

> The Kentucky Civil Rules of Procedure are a vital part of appellate procedure, as has been recognized for decades by the courts of this Commonwealth. Very recently, this Court expressed the importance in following these rules in appellate briefing:

-6-

It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules "do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated." *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 536 (Ky. 2007) (quoting *Brown v. Commonwealth*, 551 S.W.2d 557, 559 (Ky. 1977)). Enforcement of procedural rules is a judicial responsibility of the highest order because without such rules "[s]ubstantive rights, even of constitutional magnitude, . . . would smother in chaos and could not survive." *Id*.

*Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

The Court went on to provide detailed reasons for the procedural rules and concluding that "the rules are not only a matter of judicial convenience. They help assure the reviewing court that the arguments are intellectually and ethically honest." *Id*. at 697.

*Mullins v. Ashland Oil, Inc.*, 389 S.W.3d 149, 153 (Ky. App. 2012).

Once a brief has been stricken as noncompliant, there are no issues presented to the appellate court for determination. Thus, a reviewing court will only review the matter below for manifest injustice. *See Hallis*, 328 S.W.3d at 696. ("Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its

-7-

offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.])" *Id.* Because the issue involved here–the grant of summary judgment in favor of the Appellee–is discrete, we opt for the last remedy and will review for manifest injustice.

The Appellants complain that the trial court did not offer a complete analysis of the matter at hand in the order granting summary judgment in favor of the Appellees. CR 52.01 makes it clear that findings are not required on entry of summary judgment. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 . . . ."

Thus, we must decide whether the trial court's entry of summary judgment was correct in its determination that, as a matter of law, the Burdens could not succeed in their lawsuit. Distilling the matter at hand down to its simplest terms, the Burdens challenge the authority of the executrix to convey the real estate they hoped they would receive and also call into question Carver's status of purchaser for value. For if she is such, and the executrix had the authority under the will to convey real estate of the decedent, then summary judgment was properly granted.

One need read no further than paragraph four of the last will and testament of Shelby Walker, Jr. to answer this question. The will granted the executor/executrix with the "full power and authority to sell . . . any part of my

estate, both real and personal" and such provides a solid basis for any purchaser to

rely upon that grant of authority.

> As the Appellee argues, Kentucky has a race-notice statute.

> Kentucky is a race-notice jurisdiction. *See* [Kentucky Revised Statutes (KRS)] 382.270-.280.  In order to have first priority, "one must not only be the first to file the mortgage, deed or deed of trust, but the filer must also lack actual or constructive knowledge of any other mortgages, deeds or deeds of trust related to the property."  *Wells Fargo Bank, Minnesota, N.A. v. Commonwealth, Finance and Administration, Department of Revenue*, 345 S.W.3d 800, 804 (Ky. 2011).  Put another way, a prior interest in real property takes priority over a subsequent interest that was taken with notice, actual or constructive, of the prior interest.

*Mortg. Elec. Registration Sys., Inc. v. Roberts*, 366 S.W.3d 405, 407-08 (Ky.

2012).

Thus, unless a prior purchaser or devisee had properly filed a deed or

a *lis pendens* notice pursuant to KRS 382.440, Carver, as a purchaser for value,

properly relied upon the authority granted to the executrix to sell real property in

the will.  This, coupled with a title search conducted to be sure the decedent was

the owner of the real estate at the time of his passing, was sufficient.

> No mortgage, deed or deed of trust conveying real property is valid against a purchaser for a valuable consideration, without notice thereof, or creditors until it is properly filed.  KRS 382.270.  A mortgage, deed or deed of trust shall take effect at the time it is filed.  KRS 382.280.  The combined effect of these statutes is known as the "race-notice" rule.  In other words, one must not

only be the first to file the mortgage, deed or deed of trust, but the filer must also lack actual or constructive knowledge of any other mortgages, deeds or deeds of trust related to the property.

*Wells Fargo Bank, Minnesota, N.A. v. Commonwealth, Fin. & Admin., Dep't of Revenue*, 345 S.W.3d 800, 804 (Ky. 2011), as corrected (Aug. 25, 2011).

Carver had every reason to believe that the executrix had the authority to sell her the property because she did, in fact, have such authority, for it was granted to her in express language in the will.

Where one purchases land from an executor as such, he is bound to know whether or not the latter is authorized by the will to make the sale, and if the executor has no such power the purchaser is not an innocent or bona fide purchaser. But where the executor has power to sell, a purchaser from him acquires good title, notwithstanding the bad faith of the executor in making the sale, where he had no knowledge of such bad faith; for the purchaser has a right to presume that the executor is acting in good faith, and is not bound to inquire whether a necessity for the exercise of the power given by the will exists, although he must not disregard information which he cannot avoid receiving without extraordinary negligence; and if he has notice that the sale is made for a purpose other than that for which the will empowers the executor to sell, or is otherwise unauthorized, the legal title of the devisees is not divested. Where the sale is tainted by fraud and covin between the executor and the purchaser, it is absolutely void, and the title to the property remains unchanged.

*Buckner v. Buckner*, 185 Ky. 540, 215 S.W. 420, 425 (1919) (citation omitted).

-10-

Needless to say, some "desire" on the part of a beneficiary that a particular portion of an estate be distributed to said beneficiary is insufficient to put a bona fide purchaser on notice of a claim.  Though a prior deed might have included the signatures of all of the beneficiaries listed in the last will and testament, such was not necessary and the fact that such signatures appeared on one deed did not establish such a requirement.

## **CONCLUSION**

The trial court properly granted summary judgment in favor of the Appellees as the Appellants have no basis to claim that the executrix did not have the authority to convey real estate when the last will and testament clearly and unambiguously granted such authority.  The decision of the trial court is affirmed.

ACREE, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, CONCURRING:  I concur but state that the majority has conducted a well written analysis on the merits of this appeal.  The striking of the Appellants' brief is unnecessary.

BRIEFS FOR APPELLANTS:

Wendell Holloway
Madisonville, Kentucky

BRIEF FOR APPELLEE, TERRI
CARVER N/K/A TERRI
ANDERSON:

Matthew C. Hess
Elizabethtown, Kentucky