RENDERED:  MARCH 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1099-MR

CLAY F. GOTWALT                                        APPELLANT


v.

APPEAL FROM SCOTT CIRCUIT COURT
HONORABLE LISA HART MORGAN, JUDGE
ACTION NO. 15-CI-00115


DONNA F. GOTWALT (now MILLER)                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE:  Clay F. Gotwalt ("Clay") appeals from the Scott Circuit Court's order finding that a note executed by Clay and his former wife, Donna F. Gotwalt (now Miller) ("Donna") during their marriage represented a valid marital debt.  Upon review of the facts and applicable law, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

Clay and Donna married in October of 1997 and resided in Florida until 2006, at which time they relocated to Kentucky. During the parties' marriage, and while they were still residing in Florida, Clay and Donna executed a note on May 11, 2005 (the "Note"). The trustee of the Robert W. Miller Trust (the "Trust") signed the Note as the "Lender," and Clay and Donna signed the Note as the "Payees." The Note stated, in pertinent part:

> FOR VALUE RECEIVED, the undersigned, (jointly and severally, if more than one) promises to pay to The Robert W. Miller Trust the principal sum of Fifty-Seven Thousand Dollars ($57,000.00).
>
> The said principal shall be payable in lawful money of the United States of America at the address to be determined by the Trust, or at such place as may hereafter be designated by written notice from the Lender to the Payee, on the date and in the manner following:
>
> The full amount of unpaid principal, shall balloon and become immediately and fully due and payable, upon demand by the Trust no sooner than 15 years from the date of payees' signatures, or upon the sale or passage of title of the property parcel number 09-20-32-301-0210-0000 located within the town of Geneva, Seminole County, Florida, whichever comes first. If the property is not sold or titled [sic] passed or if demand for repayment is not made by day 1 following the 15 year waiting period this note is to become null and void and repayment is forgiven.
>
> . . . .

This note is secured by a mortgage on real estate, made by the maker hereof in favor of the said payee, and shall be construed and enforced according to the laws of the State of Florida. The terms of said mortgage are by this reference made a part hereof.

Neither the Note nor any mortgage related to the Note was recorded in the state of Florida.

The record reflects that the $57,000.00 amount loaned by the Trust was deposited into the parties' joint bank account and was used by Clay and Donna to purchase the Seminole County, Florida real property referenced in the Note on July 29, 2005 for $119,000 (the "Raccoon Trail Property"). Thereafter, in September of 2006, Clay and Donna sold the Racoon Trail Property to a third-party purchaser for a purchase price of $133,652.00. The parties ultimately relocated to Kentucky, where they purchased and began construction in 2008 on a home in Midway, Kentucky (the "Seagull Lane Property").

Clay filed a petition for dissolution of marriage in February of 2015, and the Trust issued a demand for repayment of the loan in September of 2015. In an order entered on February 14, 2018, the trial court found the Note to be a valid marital debt owed by the parties and required the parties to repay the Trust the sum of $57,000.00 from the proceeds of the sale of the Seagull Lane Property. Specifically, the court found that the Note was "a written instrument, signed by all parties, stating with specificity the amount owed in terms of the repayment or

termination." Moreover, the court found that, although the terms of the balloon payment allowed for repayment upon the sale of the Raccoon Trail Property, it was not required. It was only if the "demand for repayment [was] not made 1 day following a 15-year waiting period" that the Note was null and void. Therefore, the trial court found that, because the Trust made its demand for repayment within the 15-year waiting period, the Note represented a valid debt. Additionally, the trial court concluded that the debt was marital in nature, as it was jointly acquired and used for marital purposes benefitting both parties equally.

Clay filed a motion to alter, amend, or vacate the trial court's order on February 23, 2018, which was denied by the trial court on June 27, 2018. This appeal followed.

## ANALYSIS

### a. Standard of Review

On appellate review, "[t]he construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *First Commonwealth Bank of Prestonsburg v. West*, 55 S.W.3d 829, 835 (Ky. App. 2000). Accordingly, this Court's standard of review of the trial court's construction and interpretation of the Note is *de novo*. *Id*. We review the trial court's factual findings under the "clearly erroneous" standard. Kentucky Rule of Civil Procedure (CR) 52.01; *Largent v. Largent*, 643 S.W.2d

261, 263 (Ky. 1982). A factual finding is not clearly erroneous if it is supported by substantial evidence. *Barber v. Bradley*, 505 S.W.3d 749, 754 (Ky. 2016). "'Substantial evidence' is evidence of substance and relevant consequence sufficient to induce conviction in the minds of reasonable people." *Sherfey v. Sherfey*, 74 S.W.3d 777, 782 (Ky. App. 2002), *overruled on other grounds by Benet v. Commonwealth*, 253 S.W.3d 528 (Ky. 2008) (citations omitted). "[T]he division of marital . . . debt is within the sound discretion of the trial court and will not be disturbed unless we find an abuse of discretion." *McGregor v. McGregor*, 334 S.W.3d 113, 119 (Ky. App. 2011).

### b. Analysis

As a preliminary matter, Clay argues that Donna's appellate brief deviates significantly from the format mandated by CR 76.12 and should therefore be stricken. Our options when an appellate advocate fails to abide by CR 76.12 are: "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citations omitted). However, because we do not find the deficiencies in the brief egregious enough to strike Donna's brief, we decline to strike the brief and proceed with a review thereof.

Clay first argues that the trial court incorrectly interpreted the Note, failed to give effect to all the terms contained in the Note, and gave no effect to the condition which actually occurred – namely, the sale and passage of title of the Raccoon Trail Property in 2006. Under Kentucky law, "[i]n the absence of ambiguity a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 106 (Ky. 2003) (internal quotation marks and citations omitted).

In this case, we do not find the trial court's interpretation of the Note to be incorrect. The express terms of the Note deal with two separate circumstances. The first circumstance involves the conditions under which the full amount of the unpaid principal becomes due and payable, which is upon the earlier of three separate and individual events:

> (1) the passage of fifteen years from the date the parties signed the instrument; or
>
> (2) the sale of the Raccoon Trail Property; or
>
> (3) the passage of title of the Raccoon Trail Property.

Therefore, although the express terms of the Note *allowed* the Trust to collect the full amount of principal upon the sale or title change of the Raccoon Trail Property, it was not required to do so.

The second circumstance described in the Note involves the conditions under which the Note becomes "null and void and repayment is forgiven." Those two conditions are:

(1) if the Raccoon Trail Property "is not sold or [title] passed;" or

(2) if demand for repayment is not made by day 1 following the 15-year waiting period.

Pursuant to the plain language of the Note, the provisions for debt *repayment* are separate from the provisions for debt *forgiveness*.

In this case, the trial court focused on the provision for debt forgiveness. The record reflects that the Raccoon Trail Property sold on September 19, 2006. Therefore, the first condition under which the debt would be forgiven did not occur. Moreover, the Trust made a demand for repayment on September 2, 2015. As a result, the second condition under which the debt would be forgiven did not occur. Therefore, neither of the conditions by which the debt would be forgiven and the Note would become null and void occurred. "When no ambiguity exists in the contract, we look only as far as the four corners of the document to determine the parties' intentions." *3D Enterprises Contracting Corp. v. Louisville and Jefferson County Metropolitan Sewer Dist.*, 174 S.W.3d 440, 448 (Ky. 2005) (citation omitted). Moreover, "we are not permitted to create an ambiguity where none exists[.]" *West*, 55 S.W.3d at 836 (citing *Friction Materials*

-7-

*Co., Inc. v. Stinson*, 833 S.W.2d 388, 391 (Ky. App. 1992)).  In this case, substantial evidence supported the trial court's findings of fact, and a *de novo* review reveals no error in its conclusion that the Note evidenced a debt owed by the parties.

As an ancillary matter, Clay raises the issue of whether Florida law governs the applicable statute of limitations regarding the enforceability of the Note.  The statute of limitations issue would be more proper before the Florida courts with all parties participating, including the Trust.  While Clay already brought suit in Florida in February of 2016 seeking injunctive relief against the Trust as well as a determination as to the validity and enforceability of the Note, the Florida court dismissed the suit based on jurisdictional issues.  Therefore, we decline to address any questions related to the applicability of the Florida statute of limitations to the Note.

Finally, we find no abuse of discretion in the trial court's determination that the debt was marital.  In *Neidlinger v. Neidlinger*, the Kentucky Supreme Court set forth the following factors which should be considered in determining if a debt incurred during the marriage is marital and subject to division.  52 S.W.3d 513, 523 (Ky. 2001), *overruled on other grounds by Smith v. McGill*, 556 S.W.3d 552 (Ky. 2018).  Such factors are:  (1) "receipt of benefits and extent of participation" of the parties; (2) "whether the debt was incurred to

purchase assets designated as marital property"; (3) "whether the debt was necessary to provide for the maintenance and support of the family"; and (4) "the economic circumstances of the parties bearing on their respective abilities to assume the indebtedness." *Id*. (citations omitted).

In this case, the record reflects that the $57,000.00 proceeds from the loan evidenced by the Note were deposited into the parties' joint bank account and benefitted both Clay and Donna in enabling them to purchase the marital Raccoon Trail Property. Moreover, both Clay and Donna were active participants in both obtaining the Note and utilizing the proceeds therefrom. Therefore, the trial court did not abuse its discretion in either designating the debt evidenced by the Note as marital or in equally dividing such debt between Clay and Donna.

## **<u>CONCLUSION</u>**

For the foregoing reasons, we affirm the Scott Circuit Court's order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael Davidson
Nam H. Nguyen
Lexington, Kentucky

BRIEF FOR APPELLEE:

Clayton B. Patrick
Frankfort, Kentucky