RENDERED:  FEBRUARY 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0545-MR

DARRYL ISAACS AND
THERESA ISAACS                                                      APPELLANTS


APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 16-CI-000250


FIREMAN'S FUND INSURANCE
COMPANY AND AMERICAN
AUTOMOBILE INSURANCE
COMPANY                                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; CETRULO AND McNEILL, JUDGES.

CLAYTON, CHIEF JUDGE:  Darryl Isaacs and Theresa Isaacs appeal from a

Jefferson Circuit Court order granting the motion to dismiss brought by Fireman's

Fund Insurance Company ("Fireman's Fund") and American Automobile

Insurance Company ("American Auto").  The Isaacs filed suit against the

insurance companies alleging bad faith, breach of contract, breach of fiduciary duty, and violations of Kentucky's Unfair Claims Settlement Practices Act ("KUCSPA") and the Kentucky Consumer Protection Act in their settlement of the Isaacs' claims connected with a bicycle accident. Having reviewed the record and the applicable law, we affirm.

## Factual and Procedural Background

According to his deposition testimony, Darryl Isaacs is the owner, manager, and vice president of a law firm, Isaacs & Isaacs, P.S.C. On January 19, 2015, he was seriously injured when he was hit by a truck while riding his bicycle on River Road in Jefferson County. His wife, Theresa, alleged that she was also injured by the loss of her husband's consortium and services. Soon after the accident, they demanded the $200,000 Personal Injury Protection ("PIP") policy limits under their personal automobile policy issued by Fireman's Fund. Fireman's Fund paid the $200,000 PIP policy limits in a single lump sum in March 2015.

The Isaacs brought suit against Michael Baumann, the driver of the truck. *See Isaacs v. Sentinal Insurance Company Limited*, 607 S.W.3d 678 (Ky. 2020). Approximately one year after the accident, they dismissed their tort claims against Baumann in exchange for his full insurance liability limits of $1.25 million. Baumann's policy limits did not cover the full amount of Isaacs' injuries and

consequently he was considered an underinsured motorist ("UIM") under Kentucky Revised Statutes ("KRS") 304.39-320. *Id.* at 679.

The Isaacs sought UIM benefits from the following insurers: (1) Fireman's Fund, their primary auto insurer, whose policy afforded UIM benefits in the amount of $500,000; (2) American Auto, their umbrella insurer, whose policy provided UIM benefits in the amount of $1 million; and (3) Sentinel Insurance Company Limited d/b/a The Hartford ("Sentinel") which had issued a commercial auto policy to Isaacs & Isaacs, PLLC, providing UIM benefits of $3 million. A formal written demand for policy limits was sent to Fireman's Fund and American Auto on September 23, 2015.

On January 15, 2016, the Isaacs filed a complaint against Sentinel, Fireman's Fund, American Auto, and their insurance agent. The complaint detailed how Baumann's automobile liability insurance carrier had offered its policy limits in exchange for a complete release of the Isaacs' claims, how these policy limits were not adequate to compensate the Isaacs, and how consequently Baumann was an underinsured motorist.

In the complaint, the Isaacs sought the full UIM policy limits from Fireman's Fund and American Auto. The complaint stated that they had made a demand for payment of UIM benefits from Sentinel which was denied. The complaint made claims against Sentinel for violations of KUCSPA and the

Kentucky Consumer Protection Act, for breach of contract and its fiduciary obligation, and common law and statutory bad faith. The complaint did not raise these claims against Fireman's Fund or against American Auto.

Sentinel denied the UIM claims and the Isaacs sought a declaratory judgment from the trial court that Sentinel was obligated to provide UIM benefits under the terms of the commercial policy. The trial court granted summary judgment to Sentinel on January 24, 2017, on the basis that Darryl Isaacs did not qualify as an "insured" under the terms of the Sentinel policy. The Court of Appeals affirmed the trial court in an opinion rendered on February 2, 2018. *See Isaacs v. Sentinel Insurance Company, Limited*, No. 2017-CA-000204-MR, 2018 WL 663001 (Ky. App. Feb. 2, 2018). The decision of the Court of Appeals was subsequently affirmed by the Kentucky Supreme Court in an opinion rendered on September 24, 2020, which held that "[b]ecause Isaacs was not covered under the terms of the Sentinel commercial UIM policy, Isaacs could not prevail under any circumstances." *Isaacs*, 607 S.W.3d at 682.

Meanwhile, Fireman's Fund and American Auto answered the complaint, raising a series of defenses contingent on the fact that there had been no discovery yet in the case. The Isaacs propounded an initial set of discovery requests. According to the Isaacs, the insurance companies failed to respond properly to the requests and the Isaacs filed a motion to compel in order to obtain

more definitive information. Fireman's Fund and American Auto agreed to supplement their answers, which they did on June 13, 2016.

The Isaacs filed an amended complaint in June 7, 2016, adding claims for bad faith and additional contractual damages. According to the Isaacs, Fireman's Fund and American Auto thereafter began making requests for information or documentation that had previously been provided to them and which in some cases was insignificant and unnecessary for any reasonable evaluation of their UIM claims. The appellants' brief contains no references to the record indicating the content of these requests or why they were redundant or unreasonable.

On December 19, 2016, the trial court entered an agreed order to bifurcate the bad faith claim asserted against Fireman's Fund and American Auto from the other claims asserted in the matter and all discovery on any bad faith claim to be held in abeyance, pending resolution of the remaining matters.

On March 22, 2017, the trial court ordered the claims against Fireman's Fund and American Auto held in abeyance while the Isaacs pursued their appeal in the action against Sentinel.

In August 2017, Fireman's Fund and American Auto extended a joint settlement offer of $500,000 to the Isaacs, in exchange for a release holding both companies harmless. The carriers thereafter acknowledged that the $500,000 offer

was extended solely on behalf of Fireman's Fund. Fireman's Fund eventually agreed to pay the $500,000 UIM limits without releasing American Auto from its contractual obligation to pay UIM benefits and without releasing either carrier from the Isaacs' bad faith and extra contractual damage claims. Fireman's Fund paid its primary UIM policy limits of $500,000 on January 27, 2018.

Following mediation on August 15, 2018, American Auto agreed to pay $1 million in umbrella policy limits on September 5, 2018. Because Fireman's Fund and American Auto had paid the Isaacs the maximum UIM benefits under their policies, the remaining contractual claims were dismissed, leaving only the bad faith claims which had been reserved by the prior agreement of all the parties.

The trial court granted Fireman's Fund and American Auto's request to prohibit any further discovery until they had an opportunity file a motion to dismiss. The motion to dismiss the first amended complaint was filed on December 22, 2020. The Isaacs filed a response on January 4, 2021. Following oral arguments, the trial court entered an opinion and order granting the motion to dismiss. This appeal by the Isaacs followed.

### Nonconformity of the Appellants' Brief

As a preliminary matter, we agree with the appellees that the appellants' brief fails to conform to several of the procedural rules set forth in Kentucky Rules of Civil Procedure ("CR") 76.12, specifically, CR 76.12(4)(c)(iv)

which requires "ample references to the specific pages of the record . . . supporting each of the statements narrated in the summary[,]" and CR 76.12(4)(c)(v) which requires "ample supportive references to the record[,]" and a "statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." The Isaacs attribute the dearth of citations to their inability to obtain any discovery from Fireman's Fund and American Auto. There are ten volumes of record in this case, as well as numerous depositions, which must contain at least some material supporting the contents of the factual summary and arguments in the appellants' brief. "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (quoting *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because our standard of review, as set forth below, requires us to liberally construe the appellants' allegations, we have chosen the first course and will ignore the deficiency.

### Standard of review

The trial court dismissed the Isaacs' first amended complaint for "failure to state a claim upon which relief can be granted[.]" CR 12.02(f). Such a dismissal may only be granted "if it appears the pleading party would not be

entitled to relief under any set of facts which could be proved in support of his claim." *Benningfield v. Pettit Environmental, Inc.*, 183 S.W.3d 567, 570 (Ky. App. 2005) (internal quotation marks and citation omitted). "When ruling on the motion, the allegations in the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Id.* (internal quotation marks omitted). "In making this decision, the trial court is not required to make any factual findings. Therefore, the question is purely a matter of law. Accordingly, the trial court's decision will be reviewed *de novo.*" *Id.* (citation omitted).

## Analysis

Under the KUCSPA, an insurance company must deal in good faith with a claimant in determining whether the company is contractually obligated to pay the claimant. *Mosley v. Arch Specialty Insurance Company*, 626 S.W.3d 579, 584 (Ky. 2021). In order to state a successful claim under the KUCSPA, a claimant "must meet a high threshold standard that requires evidence of 'intentional misconduct or reckless disregard of the rights of an insured or a claimant' by the insurance company that would support an award of punitive damages." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697, 703 (6th Cir. 2012) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993); *United Services Auto. Ass'n v. Bult*, 183 S.W.3d 181, 186 (Ky. App. 2003)). Thus, "before the

cause of action exists in the first place," there must be evidence that the insurer's conduct was outrageous, "because of the defendant's evil motive or his reckless indifference to the rights of others." *Wittmer*, 864 S.W.2d at 890 (citations omitted).

To bring a viable bad faith claim, a plaintiff must meet three specific requirements:

> (1) the insurer must be obligated to pay the insured's claim under the terms of the policy;
>
> (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and
>
> (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. The failure to show any of these elements eliminates the bad-faith claim as a matter of law.

*Mosley*, 626 S.W.3d at 584 (citing *Wittmer*, 864 S.W.2d at 890).

The Isaacs argue that the dismissal was unfounded because their first amended complaint plainly states causes of action for which relief may be granted under Kentucky law. Specifically, the complaint alleges that the defendants' "conduct in refusing to pay underinsured motorist coverage benefits to [the Isaacs] to which they are entitled and in wrongfully refusing to pay same constitutes a violation of Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-30, a violation of [their] fiduciary obligation owed to the [Isaacs], a violation of both

-9-

common law and statutory bad faith law, constitutes a breach of contract and a violation of KRS Chapter 367 known as the Kentucky Consumer Protection Act, including but not limited to KRS 367.110, KRS 367.170 and KRS 367.220."

The complaint further alleges that the conduct of Fireman's Fund and American Auto "in denying underinsured motorist coverage to [the Isaacs] and refusing to pay underinsured motorist benefits to [the Isaacs] for their uncompensated damages was and remains grossly negligent, wrongful, wanton and in reckless disregard for the rights of [the Isaacs] such that [the Isaacs] are entitled to recover exemplary or punitive damages against [Fireman's Fund and American Auto], in an amount to be determined at trial."

The trial court held that the Isaacs had not been able to set forth a factual basis to support the second and third elements of the *Wittmer* test, as there was no allegation that their claims were ever denied by the insurers. Fireman's Fund and American Auto did not deny the Isaacs' claims but went through what the trial court described as the normal course of investigation and discovery before tendering payment. The trial court characterized the investigation and pre-trial discovery as reasonable and attributed any delay to the abeyance of the proceedings during the appellate action against Sentinel.

We agree with the trial court that there is no factual basis for the allegations in the complaint. The claims against Fireman's Fund and American

Auto are based solely on allegations that they denied or refused to pay UIM benefits, yet the record plainly shows that Fireman's Fund paid the full policy limits of $500,000 in January 2018, and American Auto paid the full policy limits of $1 million on September 2018.

The only remaining theory of liability would be that Fireman's Fund and American Auto impermissibly delayed in rendering payment, but this was simply never alleged in the complaint. In any event, "[m]ere delay of payment alone does not constitute bad faith." *Wilson v. State Farm Mut. Auto. Ins. Co.*, 795 F. Supp. 2d 604, 606-07 (W.D. Ky. 2011) (quoting *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452 (Ky. 1997)). In this case, the negligence of the tortfeasor, Baumann, and his status as an underinsured motorist, was not established until the release of the Isaacs' claims against him over a year after the accident. The negligence of the tortfeasor must be established prior to the adjudication of a bad faith claim against an insurer. *Wittmer*, 864 S.W.2d at 891. Furthermore, "Kentucky law suggests that an insurer has not acted in bad faith if the reason for denying payment was 'fairly debatable as to either the law or the facts.'" *Wilson*, 795 F.Supp.2d at 607 (quoting *Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Service Inc.*, 880 S.W.2d 886, 890 (Ky. App. 1994)). The appellees have pointed out that their obligation to pay and their *pro rata* share of any UIM coverage could have been dramatically affected by the outcome of the

*Isaacs* appeal, particularly as to American Auto, which provided excess or umbrella coverage.

The Isaacs nonetheless argue that the following factual issues preclude even a summary judgment on their statutory and common law bad faith claims against Fireman's Fund and American Auto: that the companies failed to investigate and promptly determine their entitlement to UIM benefits; failed to promptly and independently evaluate the devastating and life-threatening injuries sustained by Darryl Isaacs and the collateral damages of Theresa Isaacs; they failed to promptly offer any amount of UIM benefits until years later when they were ultimately required; they failed to respond to numerous demands for UIM benefits or offer any explanation for their refusal to pay; they wrongfully required the Isaacs to institute litigation in order to obtain their benefits; they fraudulently attempted to obtain a release of the Isaacs' claims to UIM by offering only $500,000, which was the limit of only the Fireman's Fund policy; and that Fireman's Fund failed to pay UIM until more than 2 ½ years after the accident and American Auto failed to pay until more than 3 ½ years after the accident. These claims all relate to an alleged delay in payment, a claim which was never pled in the complaint, and are beyond the scope of our review.

## **Conclusion**

Because the trial court's decision in this matter was well-founded as a matter of law, its opinion and order dismissing the bad faith claims of the appellants is affirmed.

McNEILL, JUDGE, CONCURS.

CETRULO, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANTS:

Lee E. Sitlinger
Carolyn Ely
Louisville, Kentucky

BRIEF FOR APPELLEES:

Christopher Burnside
Christopher Johnson
Griffin Terry Sumner
Samuel Wardle
Louisville, Kentucky