RENDERED:  FEBRUARY 10, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0710-MR

JASON M. GAINES                                                    APPELLANT


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE TARA HAGERTY, JUDGE
                    ACTION NO. 18-CI-501153


ROSEMARIE STURGEON                                                  APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CALDWELL AND GOODWINE, JUDGES.

THOMPSON, CHIEF JUDGE:  Jason M. Gaines ("Appellant"), *pro se*, appeals

from an order of the Jefferson Circuit Court, Family Division, entered on May 21,

2021, addressing the parties' competing motions for contempt, Appellant's motion

to change custody of the parties' minor child[1] ("Child"), and Appellant's motion to

change Child's residence.  Appellant argues that the circuit court relied on false

---

[1] Based on the nature of the proceeding and the age of the child, we will not use her name.

evidence, and improperly relied on the recommendations of the Friend of Court ("FOC"), Hon. Rexena Napier. Appellant seeks an opinion granting him full custody of Child and any other relief to which he may be entitled. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Child was born in 2005 to her biological parents, Appellant and Rosemarie Sturgeon ("Appellee"). The parties were not married. A paternity action was filed in that year (No. 05-J-506825) which apparently established Appellant as Child's biological father.[2]

In 2018, Appellee filed a petition in Jefferson Circuit Court, Family Division, seeking sole custody of Child, a parenting schedule, and child support. Appellant answered and requested joint custody. On September 4, 2018, the circuit court entered an order fixing temporary child support in favor of Appellee in the amount of $276.00 per month, with Appellant also paying 40% of Child's health insurance, medical expenses, and childcare. The court ordered that Child would continue to reside primarily with Appellee, with Appellant having parenting time as previously agreed to by the parties. The parties were referred to mediation, and Ms. Napier was appointed as FOC to give the court recommendations as to Child's best interests.

---

[2] This proceeding is not part of the appellate record.

An extensive procedural history followed, with Appellant claiming that Appellee engaged in psychological manipulation causing Child to show unwarranted fear, disrespect, and hostility toward Appellant. Appellant also alleged that Appellee blocked his calls on Child's cellphone and denied him visitation.

A hearing was conducted on April 4, 2019, resulting in an order allowing Appellant to have daily phone calls with Child and reestablishing Appellant's parenting time. The following month, Appellee alleged that Appellant failed to pay any child support as previously ordered. A subsequent hearing resulted in an order entered on July 26, 2019, wherein the court ordered the following: Child was to enroll in therapy; Appellant's visitation with Child on Sundays would continue, but the phone calls were terminated; and the parties were to refrain from fighting, yelling, or discussing the case in Child's presence. Appellee's motion to increase Appellant's child support obligation was reserved for an October 7, 2019 hearing. Appellant acknowledged having not paid any child support and stated that he thought his motion to set aside child support stayed his obligation.

Numerous motions for contempt and to show cause were filed in 2020 and into 2021. On February 23, 2021, Appellant, now proceeding *pro se*, filed a motion to establish him as primary residential custodian. Appellant asserted that

this was necessary to secure health insurance for Child because Appellee failed to provide necessary paperwork. A few days later, Appellant again moved to hold Appellee in contempt for failing to enroll Child in therapy as ordered.

The circuit court entered an order on May 21, 2021, which addressed all pending matters. It found that Appellant had a child support arrearage of $12,508.00, and it reaffirmed prior orders establishing his obligation of $446.00 per month plus $200.00 per month toward the arrearage. The court addressed Appellant's multiple motions to hold Appellee in contempt for interfering with Appellant's parenting time. It found that Appellant was not entitled to a contempt order, as Appellant's actions made Child – then about age 15 – uncomfortable and reluctant to spend time with him. The court found that Child reported to Ms. Napier that Child did not want to continue individual counseling sessions with Appellant because Appellant insisted on providing transportation to and from the counseling sessions which made Child uncomfortable.

The court also addressed Appellant's February 23, 2021 motion to change custody and primary residency, for Appellant to be the provider of health insurance for Child, and to have Appellee held in contempt. It determined that based on the totality of the record, it was not appropriate to change custody and primary residency in favor of Appellant, nor for Appellant to be Child's provider of healthcare insurance. This appeal followed.

-4-

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court erred in its custody and child support rulings as set out in the May 21, 2021 order. Appellant asserts that there was collusion between Appellee's counsel and Ms. Napier; that Ms. Napier, and Appellee's current and former counsel engaged in a pattern of lying to Judge Hagerty; that Judge Hagerty avoided rectifying her earlier rulings to avoid embarrassment and so as not to expose the collusion of Ms. Napier and Appellee's counsel; and, that Ms. Napier's recommendations to the circuit court were flawed. He seeks an opinion reversing the May 21, 2021 order on the issues of custody and support, with instructions that the circuit court grant him full custody of child.[3]

Appellant has not complied with Kentucky Rules of Appellate Procedure ("RAP") 32(A)(4),[4] which requires,

> [a]n **argument** conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

(Emphasis original.)

---

[3] Appellee has not filed an appellate brief.

[4] Formerly Kentucky Rules of Civil Procedure 76.12(4)(c)(v).

Appellant's argument section of the brief does not contain a statement at the beginning with reference to the record showing whether each issue was properly preserved for review and, if so, in what manner.

"A brief may be stricken for failure to substantially comply with the requirements of these rules." RAP 31(H)(1). The rule requiring an argument section including a statement of preservation is a substantial requirement of RAP 32 encompassed by RAP 31(H)(1).

When a party fails to abide by the Rules of Appellate Procedure, we may choose "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions . . . ; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted); *see also Ford v. Commonwealth*, 628 S.W.3d 147, 153-55 (Ky. 2021). We choose to ignore the deficiency and proceed with the review.

Appellant asserts that he was entitled to a change in custody designating him as Child's primary residential custodian. Modification of custody is governed by Kentucky Revised Statutes ("KRS") 403.340, which states,

> (1) As used in this section, "custody" means sole or joint custody, whether ordered by a court or agreed to by the parties.
>
> (2) No motion to modify a custody decree shall be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe that:

(a) The child's present environment may endanger seriously his physical, mental, moral, or emotional health; or

(b) The custodian appointed under the prior decree has placed the child with a de facto custodian.

(3) If a court of this state has jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act, the court shall not modify a prior custody decree unless after hearing it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child. When determining if a change has occurred and whether a modification of custody is in the best interests of the child, the court shall consider the following:

(a) Whether the custodian agrees to the modification;

(b) Whether the child has been integrated into the family of the petitioner with consent of the custodian;

(c) The factors set forth in KRS 403.270(2) to determine the best interests of the child;

(d) Whether the child's present environment endangers seriously his physical, mental, moral, or emotional health;

(e) Whether the harm likely to be caused by a change of environment is outweighed by its advantages to him; and

(f) Whether the custodian has placed the child with a de facto custodian.

(4) In determining whether a child's present environment may endanger seriously his physical, mental, moral, or emotional health, the court shall consider all relevant factors, including, but not limited to:

(a) The interaction and interrelationship of the child with his parent or parents, his de facto custodian, his siblings, and any other person who may significantly affect the child's best interests;

(b) The mental and physical health of all individuals involved;

(c) Repeated or substantial failure, without good cause as specified in KRS 403.240, of either parent to observe visitation, child support, or other provisions of the decree which affect the child, except that modification of custody orders shall not be made solely on the basis of failure to comply with visitation or child support provisions, or on the basis of which parent is more likely to allow visitation or pay child support;

(d) If domestic violence and abuse, as defined in KRS 403.720, is found by the court to exist, the extent to which the domestic violence and abuse has affected the child and the child's relationship to both parents.

(5) Subject to KRS 403.315, if the court orders a modification of a child custody decree, there shall be a presumption, rebuttable by a preponderance of evidence, that it is in the best interest of the child for the parents to have joint custody and share equally in parenting time. If a deviation from equal parenting time is warranted, the court shall construct a parenting time schedule which maximizes the time each parent or de facto custodian has with the child and is consistent with ensuring the child's welfare.

(6) Attorney fees and costs shall be assessed against a party seeking modification if the court finds that the modification action is vexatious and constitutes harassment.

To summarize, modification of custody may be ordered where it is necessary to serve the best interests of the child. KRS 403.340(3). A child's best interests may be determined by application of KRS 403.270(2). In considering Appellant's motion for modification of custody, the circuit court determined that Child's best interests were not served by modification of the existing custodial orders. This determination was based in part on the recommendations of Ms. Napier, as well as the court's recognition that Child felt uncomfortable and/or fearful around Appellant. While Appellant seeks to characterize the court's findings as improperly influenced by the lies and collusion of Ms. Napier, Appellee, and her counsel, nothing in the record supports such a finding. The circuit court based its findings and conclusions on the record and the law. The burden rests with an appellant to overcome the strong presumption that the rulings of the trial court are correct. *Oakes v. Oakes*, 204 Ky. 298, 302, 264 S.W. 752, 753 (1924). Appellant has not overcome that burden, and accordingly we find no error on this issue.

Appellant also broadly asserts that the court erred in its disposition of child support. Appellant makes no specific claim of error, however, nor any reference to the record to support such a claim. Appellant has previously

acknowledged having not made child support payments as ordered by the court, and the court found that he incurred a substantial arrearage. "The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing." KRS 403.213(1). The Jefferson Circuit Court made no finding of a substantial and continuing material change sufficient to support a modification of custody and our review of the record reveals no such change. Again, the burden rests with Appellant to overcome the presumption that the trial court's rulings are correct. *Oakes*, *supra*. Appellant has not overcome this burden, and we find no error.

## CONCLUSION

For the foregoing reasons, we affirm the May 21, 2021 order of the Jefferson Circuit Court.

GOODWINE, JUDGE, CONCURS.

CALDWELL, JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:          NO BRIEF FOR APPELLEE.

Jason M. Gaines, *pro se*
Louisville, Kentucky