RENDERED: JUNE 2, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0912-MR

ANTHONY JENNINGS                                    APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 19-CI-004071

KENTUCKY ONE HEALTH AND
CHI SAINT JOSEPH HEALTH                           APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

THOMPSON, CHIEF JUDGE: Anthony Jennings appeals from an order of the trial court which dismissed his race and gender discrimination case against Kentucky One Health and CHI Saint Joseph Health.[1] We find no error and affirm.

---

[1] Kentucky One Health was renamed as CHI Saint Joseph Health during the pendency of this case.

## FACTS AND PROCEDURAL HISTORY

Appellant, who is an African-American man, began working for Kentucky One Health in 2016 as a patient transporter. Pamela Gillman was his direct supervisor. The hospital had in place policies prohibiting employee harassment and discrimination. Appellant received training in these policies. In early 2019, Ms. Gillman received a report that Appellant made inappropriate comments to another employee. Ms. Gillman then reported the matter to a human resources representative, Bobbi Smith. Ms. Smith and Ms. Gillman then began an investigation of the allegations.

Appellant was placed on administrative leave during the pendency of the investigation. Appellant and other employees were interviewed. Based upon the findings of the investigation, Appellant was found to have made inappropriate sexual comments and was terminated for violating the hospital's harassment policies.[2]

Appellant denied making any sexually harassing statements and brought the underlying suit based on gender and race discrimination. After some

---

[2] None of the employees who alleged Appellant made inappropriate statements or witnessed these alleged statements were deposed in this case or filed affidavits. The only evidence of the alleged harassing statements came from the depositions of Ms. Gillman and Ms. Smith; therefore, they are considered hearsay. We will not set forth the statements Appellant allegedly made in this opinion due to their nature as hearsay, but we will acknowledge that an investigation substantiated the allegation that Appellant made inappropriate sexual comments. Any statements attributed to Appellant we may recount in this Opinion are those Appellant admits to saying.

discovery, the hospital moved for summary judgment. The trial court granted the motion and this appeal followed.

## ANALYSIS

Before we analyze the primary issues on appeal, we must first address two preliminary issues raised by the parties.

First, Appellant argues that he was denied a fair judgment because two judges presided over his case. The case was originally assigned to Judge Judith McDonald-Burkman when it was brought in 2019. In 2022, Judge McDonald-Burkman retired and was replaced by Judge Jessica Green. Shortly thereafter, Judge Green went on maternity leave and Judge McDonald-Burkman returned to the case. Judge McDonald-Burkman was the judge who presided over the summary judgment hearing; however, Judge Green was the judge who entered the order granting summary judgment in favor of the hospital. Appellant argues that the case should be remanded to the trial court in order for Judge McDonald-Burkman to render the summary judgment order. Appellant believes the judge who presides over the summary judgment hearing should be the judge who enters the summary judgment order.

This issue is without merit. There is no statute, rule, or case law that requires a single judge to preside over a case from start to finish. Furthermore, it is

clear from the order on appeal that Judge Green reviewed the record before rendering her judgment. There was no error.

The second preliminary issue is Appellees' argument that the appeal should be dismissed because Appellant violated the Kentucky Rules of Appellate Procedure (RAP). Specifically, Appellees argue that Appellant violated RAP 32(A)(4) by not stating in the argument section of his brief how the issues on appeal were preserved. Appellees are correct that Appellant failed to address the preservation issue. We also note that Appellant has also violated RAP 32(A)(3) by not making any references to the record in his brief.

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions . . . ; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citations omitted). After reviewing the record, it is clear that the issues have been preserved because Appellant contested the motion for summary judgment. In addition, the record is not voluminous; therefore, the failure to cite to the record does not put a significant burden on this Court. We will ignore the deficiencies in Appellant's brief and review the appeal on the merits.

We will now move on to the summary judgment on appeal.

The standard of review on appeal when a trial court grants a motion for summary judgment is whether

the trial court correctly found there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. The movant bears the initial burden of convincing the court by evidence of record that no genuine issue of fact is in dispute, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial. The party opposing summary judgment cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment. The court must view the record in the light most favorable to the nonmovant and resolve all doubts in his favor. The inquiry should be whether, from the evidence of record, facts exist which would make it possible for the nonmoving party to prevail. In the analysis, the focus should be on what is of record rather than what might be presented at trial. An appellate court need not defer to the trial court's decision on summary judgment and will review the issue *de novo* because only legal questions and no factual findings are involved.

*Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 704-05 (Ky. App. 2004) (internal quotation marks, citations, and footnote omitted).

When raising issues of gender and race discrimination, a plaintiff must first set forth a *prima facie* case of discrimination. That is accomplished by showing that

1) [he or] she is a member of a protected class; 2) that [he or] she suffered an adverse employment action; 3) that [he or] she is qualified for the position requested; and 4) that a similarly situated employee outside the protected classification was not subject to the adverse action.

-5-

*Tiller v. University of Kentucky*, 55 S.W.3d 846, 849 (Ky. App. 2001) (citation omitted). "Second, the employer must then articulate a legitimate nondiscriminatory reason for its action. Third, once such a reason is given, it is incumbent on the employee to demonstrate that the stated reason is merely a pretext to cover the actual discrimination." *Kentucky Center for the Arts v. Handley*, 827 S.W.2d 697, 699 (Ky. App. 1991) (internal quotation marks and citations omitted).

In the case at hand, the trial court held that Appellant could not show that a similarly situated employee outside the protected class was not subject to adverse employment action. The court also held that the hospital provided a nondiscriminatory reason for the adverse employment action and that Appellant could not provide evidence that this reason was merely a pretext.

We agree with the trial court that Appellant cannot set forth a *prima facie* case of discrimination because there is no evidence in the record that a similarly situated employee outside the protected classification was not subject to the adverse action. As it pertains to gender discrimination, Appellant claims he and a group of women were giving advice to another woman regarding her clothing. He claims that this conversation was one of the allegations of sexual harassment levied against him. He also claims that the women involved in that

conversation were not terminated from their employment. Appellant's argument is that these women were similarly situated, but received no punishment.

We disagree with Appellant's argument. Here, according to the depositions of Ms. Gillman and Ms. Smith, this conversation was not the basis of the investigation against Appellant nor the reason for his termination. As this conversation was not complained about, there was no reason for the women involved in that conversation to have been reprimanded. Appellant points to no other instances of women not being punished for making allegedly harassing comments; therefore, he cannot provide sufficient evidence for gender discrimination.

As for racial discrimination, Ms. Gillman stated in her deposition that a similarly situated Caucasian man allegedly made sexually harassing statements, was placed on administrative leave, investigated, and then terminated. This was the only evidence in the record of a person of another race being investigated and terminated for allegedly making harassing statements. Seeing as this Caucasian man who was also terminated for allegedly making harassing statements, Appellant cannot meet the requirement of showing that a similarly situated employee outside the protected race classification was not subject to adverse employment action.

## CONCLUSION

In summary, Appellant did not provide evidence showing that the hospital treated a similarly situated person of another gender or race better than him.[3]  By failing to do so, Appellant could not make a *prima facie* case of discrimination; therefore, the motion for summary judgment was properly granted. We find no error and affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Teddy B. Gordon
Louisville, Kentucky

BRIEF FOR APPELLEES:

Robert C. Rives, IV
Louisville, Kentucky

Jay M. Dade
Kansas City, Missouri

---

[3] We acknowledge that the trial court made alternative conclusions as to why summary judgment should be granted in favor of Appellees; however, we need not address them because the failure to set forth a *prima facie* case of discrimination is determinative of this case.