RENDERED: APRIL 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1041-MR

ELIZABETH K. DOYLE        APPELLANT

APPEAL FROM BOURBON CIRCUIT COURT
v.     HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 25-CI-00120

ALEXANDER N. AUBE        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE: Elizabeth K. Doyle (Appellant) appeals from an order of the Bourbon Circuit Court dismissing her claims of breach of contract and unjust enrichment against Alexander N. Aube (Appellee). That order granted Appellee's motion to dismiss the complaint for failure to state a cause of action. Appellant, *pro se*, argues that the circuit court abused its discretion by dismissing her complaint without findings of fact or conclusions of law; that the dismissal of

her action was inconsistent with the court's prior order placing disputed funds in escrow; and, that reversal and remand are required. After careful review, we conclude that the Bourbon Circuit Court erred in ruling that Appellant's complaint failed to state a claim upon which relief could be granted. Accordingly, we reverse the order on appeal and remand the matter to the Bourbon Circuit Court.

## FACTS AND PROCEDURAL HISTORY

On May 1, 2025, Appellant, *pro se*, filed a complaint in Bourbon Circuit Court against Appellee alleging that in September 2020, the parties entered into a written agreement concerning a jointly-owned parcel of real property situated at 2144 Violet Road, Lexington, Kentucky. The complaint alleged that the agreement provided that profit from the sale of the parcel would be divided equally and reinvested in the purchase of a new property.

According to the complaint, the Violet Road property sold for a profit of approximately $84,000, with Appellant contributing her half of the profit toward the purchase of a new home with Appellee in Bourbon County, Kentucky. She stated that the new home was purchased for $275,000, and was listed for sale at the time of the complaint at $329,000.

Appellant alleged that her $42,000 contribution represented an approximately 15.27% ownership interest in the new property. She maintained that Appellee failed to honor the written agreement by refusing to recognize her

equity ownership or to pay her share of the anticipated profit in the sale of the new residence.

The complaint set out three causes of action: 1) breach of contract; 2) unjust enrichment; and, 3) constructive trust. It sought a judgment in favor of Appellant in the amount of $60,935, and a declaration of Appellant's equity interest. Appellant also sought a constructive trust or *lis pendens* to preserve her claim during the sale of the new parcel.

On May 23, 2025, Appellee filed a motion to dismiss Appellant's complaint, and motion to allow the sale of the Bourbon County property with the funds held in escrow. In support of the motion, Appellee argued that the complaint failed to state a claim upon which relief could be granted. Specifically, Appellee stated that,

> Plaintiff [Appellant] has failed to properly allege the existence of any breach or damages. She asserts the legal conclusion that Defendant "materially breached the [A]greement," however she does not specify the covenant that Defendant allegedly breached, nor does she provide any factual allegation that Defendant was required to perform any particular action. Moreover, Plaintiff states that Defendant "fail[ed] to deliver Plaintiff's share of the proceeds," however, Plaintiff does not allege the existence of a sale of the property, or any other action resulting in proceeds. Without a sale, the proceeds upon which Plaintiff's claim relies do not exist. Put differently, Plaintiff has not alleged the existence of any certain damages; instead, she has presented a theoretical scenario as grounds for her breach of contract claim. Accordingly, Plaintiff has failed to plead a

necessary element of a claim for breach of contract, and her claim should therefore be dismissed.

Appellee tendered to the court a proposed order dismissing Appellant's complaint.[1] The circuit court entered the order on July 22, 2025, and this appeal followed.[2]

## STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, . . . an appellate court reviews the issue de novo." *Tucker v. Tucker*, 623 S.W.3d 142, 145 (Ky. App. 2021) (internal quotation marks and citation omitted).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Bourbon Circuit Court committed reversible error in dismissing her claims with prejudice, and without findings of fact or conclusions of law. She argues that dismissal with prejudice is an extraordinary sanction that should be imposed only in the most compelling circumstances, and only after careful consideration of the totality of the facts. She asserts that when dismissal with prejudice is entered without findings of fact or conclusions of law,

---

[1] On July 20, 2025, the circuit court entered a hand-written docket order allowing the sale, and placing the funds in escrow. Thereafter, the parties entered into an agreed order memorializing the July 20, 2025 hand-written order.

[2] Appellee argues that Appellant's brief should be stricken for failure to comply with Kentucky Rules of Appellate Procedure (RAP) 32(A). We have chosen to ignore the deficiency and proceed with the review. *See Hallis v. Hallis*, 328 S.W.3d 694, 695-97 (Ky. App. 2010).

-4-

meaningful appellate review is frustrated and reversal is required. Appellant argues that she asserted a facially valid breach of contract claim based on a written, notarized agreement. As such, she maintains that dismissal of her complaint for failure to state a claim was unwarranted and the underlying order should be reversed.

The failure to state a claim upon which relief can be granted is a defense which may be raised by a pleading or motion in response to a complaint. Kentucky Rules of Civil Procedure (CR) 12.02(f).

> A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . . Accordingly, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true. This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks, footnotes, and citations omitted). Thus, per *Fox* and *Tucker*, we owe no deference to the Bourbon Circuit Court's disposition of Appellee's motion, and will examine the

issues presented *de novo*. In so doing, we must liberally construe the pleadings in a light most favorable to Appellant, characterizing all of her allegations as true. *Id.*

Appellant's primary cause of action in the complaint is breach of contract. In order to prevail on such a claim, a plaintiff must prove 1) the existence of a contract; 2) a breach of that contract; and, 3) that the breach resulted in damages. *EQT Production Company v. Big Sandy Company, L.P.*, 590 S.W.3d 275, 293 (Ky. App. 2019). As the matter is before us on the circuit court dismissal of the complaint for failure to state a cause of action, our role on review is merely to determine whether the elements were alleged, not proven. *Fox*, 317 S.W.3d at 7.

Here, Appellant alleged in her complaint that she entered into a written agreement with Appellee regarding the Violet Road property. She maintained that the agreement stated that profits from the sale of the property would be divided equally and reinvested in a new property, with both parties benefitting equally irrespective of whose name appeared on the title. The complaint further alleged that the Violet Road property was sold for a profit of $84,000. Half of that sum represented Appellant's share and was then reinvested in the purchase of the new property with Appellee in Bourbon County, Kentucky.

More specifically, under the complaint's heading styled "CAUSES OF ACTION", Appellant asserted that, 1) she entered into a valid, enforceable

contract with Appellee; 2) she performed her obligations under the contract; 3) that Appellee materially breached the agreement by failing to deliver Appellant's share of the proceeds and excluded her equitable ownership; and, 4) as a result, Appellant suffered direct, financial harm. Appellant's complaint sets out a claim of breach of contract, and alleged that each element was satisfied. This constitutes a claim upon which relief may be granted for purposes of CR 12.02(f). This is especially true when we liberally construe the complaint in a light most favorable to Appellant, and characterize all of her allegations as true. *Fox*, 317 S.W.3d at 7. It is on this basis that we reverse and remand the order dismissing Appellant's complaint.

Appellant also argues that the dismissal was improper because it was inconsistent with the circuit court's prior order placing the disputed funds in escrow, and that she was improperly denied due process. These arguments are moot in light of our disposition of Appellant's breach of contract claim. Additionally, Appellant argues that the circuit court erred in failing to make findings of fact in support of its order dismissing her complaint. No findings were necessary, as the circuit court was required to characterize all of Appellant's factual allegations as true. *Fox*, 317 S.W.3d at 7.

## CONCLUSION

For the foregoing reasons, we reverse the order of the Bourbon Circuit Court, and remand the matter for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Elizabeth K. Doyle, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Elias M. Little
Cynthiana, Kentucky